### ELLIFF et al. v. BOSWELL et al.
#### No. 8373.

Court of Civil Appeals of Texas. San Antonio.
Feb. 26, 1930.

H. S. Bonham, of Corpus Christi, for appellants.

Kleberg & North, of Corpus Christi, for appellees.

FLY, C. J.

Mabel Elliff, for herself and as next friend and natural guardian of Frank Elliff, a minor, and Charles Elliff, for himself, instituted this action to recover a balance of $175 and attorney's fees, due on a note for $700, executed by R. E. Boswell and F. T. Boswell to Mrs. Elliff as guardian of her two children, Charles and Frank. It was

alleged that since the execution of the note Charles Elliff had obtained a removal of his disabilities as a minor, and had full charge and control of his property, and that Mrs. Elliff ceased to be guardian of Frank Elliff, and that James M. Taylor, guardian of Frank Elliff, had refused to join in this suit as a plaintiff and had been joined to offer him an opportunity to represent his ward. Taylor filed his plea of privilege to be sued in Nueces county, for himself and for R. E. and F. T. Boswell, which plea was duly controverted by appellants. No judgment of any kind was prayed for against Taylor, but it seemed to be the desire of the appellants to bring him in so that he could assist in obtaining a judgment for his ward if he so desired. The suit was filed, probably in April, 1929, although the original petition is not copied into the record and its date of filing is not mentioned in the amended petition, which was filed on April 23, 1929. The Boswells were served with the citations on May 2, 1929, and on July 26, 1929, a judgment by default was rendered for the amount of the note against R. E. Boswell and F. T. Boswell. The fact that a judgment by default was rendered is disclosed by the recitals in an order of the county judge dated August 2, 1929. The judgment by default does not appear in the record. Appellants sought to dismiss as to Taylor, but a dismissal was denied on the ground that the guardian of the property of the minor was a necessary party.

Taylor had not really been made a party defendant in the action, as no sort of relief or any kind of judgment was sought against him. It was alleged and not denied that Taylor had failed and refused to institute a suit on the note of his ward, although it was long since due, and the inclusion of his name in the suit was evidently to give him an opportunity to represent his ward in the collection of his claim.

James M. Taylor was not in any sense of the term a defendant in the suit, but he was impleaded to compel him to perform a duty he owed to his ward to collect the money due him on the note. He was to all intents and purposes a plaintiff, and could not possibly be impleaded as a defendant. Occupying the position in the suit which he did, he had no right or authority to claim any privileges to be sued in Nueces county, and it would be preposterous to hold that he could act for the parties indebted to his ward and file a plea of privilege for them. A plea of privilege is a personal plea, and no one can interpose it for another, and especially when it is attempted under the circumstances of this case. The evidence shows that the Boswells are not denying that they are bound by the note, but it appears that they were willing and anxious to pay it off until advised by the guardian of Frank Elliff not to pay.

Taylor is a party to the suit, and the court held he was a necessary party, and he should be held in the case and be given an opportunity to perform his duty. The venue under the statements made in the controverting affidavit was properly laid in Bee county, and the case should be tried there. This court could not, if it desired, affirm the judgment by default because it is not contained in the record; the appeal being perfected from an order granting the plea of privilege of James M. Taylor.

The judgment of the lower court is reversed, and the cause remanded to be tried on its merits in Bee county.