**John M. O'QUINN, John M. O'Quinn, P.C., d/b/a, O'Quinn & Laminack, John M. O'Quinn and associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C., Appellants,**

**v.**

**Benjamin HALL, Appellee.**

**In re John M. O'Quinn, John M. O'Quinn, P.C., d/b/a, O'Quinn & Laminack, John M. O'Quinn and Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C., Relators.**

**Nos. 13–01–640–CV, 13–02–109–CV.**

Court of Appeals of Texas, Corpus Christi.

May 17, 2002.

See also, --- S.W.3d ----.

Bruce E. Ramage, Dale Jefferson, Le-von G. Hovnatanian, Martin, Disiere, Jefferson & Wisdom, Houston, Fernando G. Mancias, Gilberto Hinojosa, Mancias, Brownsville, Francisco J. Enriquez, Enriquez & Cantu, McAllen, for Appellants/Relators.

Audrey Mullert Vicknair, Roberta J. Hegland, Bracewell & Patterson, L.L.P., Corpus Christi, Bradley J. Benoit, Ileana Blanco, Bracewell & Patterson, Dahr Jamail, Frank M. Staggs, Jr., Jamail & Kolius, Jennifer Rustay, Sylvette C. Bobb, William Fred Hagans, Hagans, Bobb & Burdine, Houston, Juan R. Molina, Law Office of Juan R. Molina, Weslaco, Ron Wilson, Ronald D. Krist, Attorneys At Law, Houston, for Appellee/Real Party In Interest.

Before: Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

RODRIGUEZ, Justice.

In this original proceeding, relators, John M. O'Quinn & Associates, L.L.P., John M. O'Quinn, P.C. d/b/a/ O'Quinn & Laminack, John M. O'Quinn, and John M. O'Quinn Law Firm, P.L.L.C., (O'Quinn), ask this Court to issue a writ of mandamus directing respondent, the Honorable Noe Gonzalez of the 370th District Court of Hidalgo County, to enter an order transferring the claims of real party in interest, Benjamin Hall III, to Brazoria County. We conclude mandatory venue lies in Brazoria County, and conditionally grant the petition for writ of mandamus.

### I. Facts

The City of Mercedes, on behalf of itself and all other similarly situated cities (the City), filed an original petition seeking to recover damages from certain utility and energy companies for their unauthorized use of public land and rights of way. In the event of future recovery from the utility and energy companies, John M. O'Quinn & Associates, L.L.P. (formerly John M. O'Quinn, P.C.), filed a petition in intervention seeking to enforce a power of attorney and a contingent fee contract.

Hall intervened against John M. O'Quinn & Associates, L.L.P. (O'Quinn & Associates), claiming an interest in the contingent fee contract, and cross-claimed against all O'Quinn parties asserting claims that arose out of the terms of his employment with one or more of the O'Quinn parties. Hall also asked the Hidalgo County Court to enjoin a related

proceeding filed against Hall and another party in Brazoria County by some, but not all, of the O'Quinn parties. The trial court granted the injunctive relief requested and enjoined the proceeding in Brazoria County.[1]

O'Quinn & Associates filed a motion to transfer venue before it filed its answer. The motion was based, in part, on the mandatory venue provisions of section 15.012 of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 15.012. Section 15.012 requires that actions to stay proceedings in a suit be brought in the county where the suit is pending. *Id.* The three remaining O'Quinn parties answered, and incorporated, adopted, and joined O'Quinn & Associates' motion to transfer venue and all related briefing.

On October 12, 2001, the trial court in Hidalgo County denied O'Quinn's motion to transfer venue and concluded venue was proper in Hidalgo County.[2] O'Quinn challenges this denial by petitioning for writ of mandamus. *Id.* at § 15.0642 (Vernon Supp.2002).

## II. Jurisdiction

■ O'Quinn asserts this Court has jurisdiction to issue a writ of mandamus under section 15.0642 of the Texas Civil Practices and Remedies Code. *Id.* A party may apply for a writ of mandamus to enforce a mandatory venue provision of the venue statute. *Id.* The mandatory venue provision O'Quinn seeks to enforce is section 15.012 which provides "[a]ctions to stay proceedings in a suit shall be brought in the county in which the suit is pending." *Id.* at § 15.012.

Hall contends we have no jurisdiction because the grant of mandamus jurisdiction found in sections 15.0642 and 15.012 for anti-injunction suits applies only to cases where the relief sought is primarily injunctive relief. Because he seeks only ancillary injunctive relief, Hall concludes we have no mandamus jurisdiction.

Hall relies on *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex.1998). The defendant in *In re Cont'l* contended section 65.023(a) of the injunction statute mandated venue.[3] *Id.* at 736. The supreme court acknowledged section 62.023, a venue section of the injunction statute, applied, but only to suits where the relief sought was purely or primarily injunctive. *Id.* (citing *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 287 (Tex.1959)). Hall asserts we should be guided by this reasoning.

---

**1.** The granting of the anti-suit injunction is the subject of a separately filed interlocutory appeal, *John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn and Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C., v. Hall*, cause number 13–01–640–CV, that is addressed later in this opinion.

**2.** O'Quinn's venue issues raised by the October 12, 2001, order are the basis of this mandamus proceeding. O'Quinn also filed an interlocutory appeal, cause number 13–02–021–CV, from the October 12 order raising joinder issues. Our opinion in that cause number, styled *John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn and Associates, L.L.P., and John M.*

*O'Quinn Law Firm, P.L.L.C. v. Benjamin Hall*, 77 S.W.3d 438, addresses the joinder issues.

**3.** Section 65.023 provides:

(a) Except as provided by Subsection (b), a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled. If the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled.

(b) A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered. TEX.CIV.PRAC. & REM.CODE ANN. § 65.023 (Vernon 1997).

However, the defendant in *In re Cont'l Airlines* did not assert that section 15.012 of the venue statute mandated venue. Neither did the court acknowledge that section 15.012 applied only to suits where the relief sought was primarily injunctive. Hall provides us with no authority for that contention, and we find none. Hall argues, nonetheless, that any mandatory venue provision involving anti-suit injunctions, such as section 15.012, applies only to suits in which the relief sought is purely or primarily injunctive.

■■■ We agree that the venue of suits filed purely for injunctive relief is governed by the injunction statutes. However, where the main suit is for other than injunctive relief and the injunction is ancillary, incidental or adjunctive, venue is determined, not by injunction statutes, but by the venue statutes. *Guillot v. Godchaux*, 73 S.W.2d 924, 925 (Tex.Civ.App.—Dallas 1934, no writ) (construing predecessor to section 65.023). Therefore, looking at the venue statutes, the definition of "proper venue" includes venue required by mandatory provisions of the venue statute. Tex.Civ.Prac. & Rem.Code Ann. § 15.001(b) (Vernon Supp.2002). Section 15.012 is a mandatory venue section that places venue of anti-suit injunctions "in the county in which the suit is pending." *Id.* § 15.012. We find nothing in the plain language of section 15.012 limiting this mandatory venue section to suits that are primarily injunctive. Accordingly, we determine the scope of this mandatory venue provision involving anti-suit injunctions includes primarily injunctive relief suits and suits in which injunctive relief sought is ancillary to other relief.

■■■ Because Hall concedes he seeks injunctive relief ancillary to other relief, and because venue thereof is to be determined by the venue statutes, we conclude this Court has jurisdiction over this mandamus proceeding, pursuant to section 15.0642, to enforce mandatory venue section 15.012.

### III. Venue

Having determined we have jurisdiction over this matter, we now address the issues presented: (1) whether the trial court abused its discretion by refusing to transfer Hall's petition in intervention and cross-claim to Brazoria County pursuant to section 15.012; and (2) whether the O'Quinn parties waived their venue challenges.

### A. Standard of Review

■■■ The standard for reviewing mandatory venue is whether the trial court abused its discretion. *In re Mo.Pac. R.R.Co.*, 998 S.W.2d 212, 216 (Tex.1999) (orig.proceeding). A clear abuse of discretion occurs when the trial court clearly fails to analyze or apply the law correctly. *Id.; Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). It also occurs in relation to factual issues when the trial court could reasonably have reached only one decision, but reaches another. *In re Mo.Pac. R.R.Co.*, 998 S.W.2d at 216.

### B. Analysis

#### 1. Mandatory Venue

Section 15.001(b) of the Texas Civil Practice and Remedies Code defines "proper venue" as:

(1) the venue required by the mandatory provisions of Subchapter B or another statute; or

(2) if Subdivision (1) does not apply, the venue provided by this subchapter [general venue] or Subchapter C [permissive venue].

Tex.Civ.Prac. & Rem.Code Ann. § 15.001(b). Section 15.012, found in mandatory venue subchapter B, provides "[a]ctions to stay proceedings in a suit shall be

brought in the county in which the suit is pending." *Id.* at § 15.012. O'Quinn asserts section 15.012 is the controlling mandatory venue provision in this case, and that it mandated venue of all claims in Brazoria County.

 It is undisputed Hall filed his injunction action in Hidalgo County. O'Quinn's motion for transfer of venue asserted section 15.012 required Hall's claims to be transferred to Brazoria County. To prove mandatory venue existed there, O'Quinn was required to produce *prima facie* proof establishing section 15.012 applied. Tex.R.Civ.P. 87(3)(c) ("A ground of mandatory venue is established when the party relying upon a mandatory exception to the general rule makes *prima facie* proof as provided in subdivision (a) of paragraph 3 of this rule."). *Prima facie* proof may consist of an affidavit and attachments. *Id.* at 87(3)(a).

O'Quinn's proof consisted of the affidavit of John M. O'Quinn, attached to its motion to transfer venue. The affidavit established the proceeding Hall sought to enjoin was pending in Brazoria County. This is *prima facie* proof that mandatory venue section 15.012 applied in this case. Tex. Civ.Prac. & Rem.Code Ann. § 15.012. Hall asserted no competing mandatory venue provision.

Because O'Quinn satisfied its burden to show mandatory venue required Hall's claims to be transferred, the trial court abused its discretion when it refused to apply section 15.012 and transfer Hall's claim for injunctive relief to Brazoria County.

Furthermore, section 15.004, provides:

In a suit in which a plaintiff properly joins two or more claims or causes of action arising from the same transaction, occurrence, or series of transactions or occurrences, and one of the claims or causes of action is governed by the man-

datory venue provisions of Subchapter B, the suit shall be brought in the county required by the mandatory venue provision.

Tex.Civ.Prac. & Rem.Code Ann. § 15.004 (Vernon Supp.2002). While seeking ancillary injunctive relief, Hall asserted an interest in a contingent fee contract as well as other claims arising out of his employment with O'Quinn, specifically O'Quinn & Laminack. Because venue is mandatory in Brazoria County on Hall's ancillary claim for injunctive relief, venue is mandatory in Brazoria County for all of his claims. Accordingly, the trial court abused its discretion in refusing to transfer all claims asserted by Hall to Brazoria County.

### 2. Waiver

#### a. O'Quinn and Associates

 Hall contends because O'Quinn and Associates intervened in the City's litigation, it cannot claim error related to the court denying its motion to transfer venue. However, venue involves the privilege of a party in its capacity as a defendant to be sued in a particular county. *Elliff v. Boswell*, 25 S.W.2d 268, 269 (Tex. Civ.App.—San Antonio 1930, no writ) (recognizing that party may object to venue only in his capacity as a defendant). The privilege to be sued in a particular county was, therefore, not at issue prior to he filing of Hall's intervention and cross-claim.

When O'Quinn & Associates filed its intervention, it had no privilege regarding venue to assert because it had not been sued and was not a defendant. *Id.* Therefore, it could not have waived its right to challenge venue. When O'Quinn and Associates was sued by Hall and became a defendant, the due order of pleading requirements of rule 86 were satisfied. *See*

TEX.R.CIV.P. 86. O'Quinn and Associates filed its motion to transfer venue before its original answer to Hall's original petition in intervention and cross-claim. *See id.*

■ In addition, as to Hall's cross-claim, a party who asserts a claim does not waive its right to challenge venue of claims asserted against it that do not arise out of the subject matter of its claim. *Schero v. Manges*, 648 S.W.2d 358, 359–60 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.); *Skidmore v. Cook*, 417 S.W.2d 79, 81 (Tex. Civ.App.—San Antonio 1967, writ dism'd). Hall claimed that O'Quinn owed him money under the terms of his employment agreement with O'Quinn & Laminack. O'Quinn & Associates did not waive its challenge to the court's venue ruling because Hall's claims did not arise out of the subject matter of O'Quinn's intervention.

b. John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, and John M. O'Quinn Law Firm, P.L.L.C.

■ Hall contends the remaining three O'Quinn parties did not obtain a ruling on their venue objections and, thus, have waived them. He concludes this because, in the October 12, 2001 order, the trial court identified the motion it was denying as "John M. O'Quinn & Associates, L.L.P.'s Motion to Transfer Venue." However, when the three remaining O'Quinn parties answered, each one incorporated, adopted, and joined such motion to transfer venue and all related briefing therein. This Court has expressly recognized that a ruling on a motion to transfer venue that a party adopts or joins is treated as a ruling obtained by the joining party. *Garcia v. Garza*, 70 S.W.3d 362, 366, 368–69 (Tex.App.—Corpus Christi, 2002, pet. filed); *see Billings v. Concordia Heritage Ass'n, Inc.*, 960 S.W.2d 688, 692–93 (Tex.App.—El Paso 1997, pet. denied) (noting motion to transfer was filed by all appellants, where one appellant had merely joined the motion of the others, and treating denial of motion as adverse venue ruling obtained by joining appellant); *accord Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 699–700 (Tex.App.—Corpus Christi 2001, pet. filed) (affirming granting of summary judgment in favor of defendant after he adopted co-defendant's summary judgment motion in its entirety and incorporated the entire motion). Moreover, the trial court found venue was proper as to all of the O'Quinn parties, listing each by name. Plainly, the October 12, 2001, order that denied the motion to transfer venue was an adverse venue ruling against all O'Quinn parties.

## IV. Conclusion

Because we find the trial court abused its discretion when it denied O'Quinn's motion to transfer venue, we conditionally grant the petition for writ of mandamus. If the trial court fails to enter an order transferring Hall's claim for injunctive relief and his intervention and cross-claims against O'Quinn to the 23rd District Court in Brazoria County within ten days of this opinion, we will issue the writ.

## V. Anti–Suit Injunction

Having concluded there is no underlying venue in Hidalgo County, there is, by necessity, no venue for purposes of injunctive relief.

Accordingly, in interlocutory appeal, *John M. O'Quinn, John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn and Associates, L.L.P., and John M. O'Quinn Law Firm, P.L.L.C., v. Hall*, cause number 13–01–640–CV, we reverse the August 21, 2001, judgment of the Hidalgo County Court granting Hall's request for a temporary injunction from proceeding, prosecuting or otherwise participating in any way in *John M. O'Quinn*

*& Associates, L.L.P., John M. O'Quinn, John M. O'QUINN, P.C., O'QUINN & Laminack and John M. O'Quinn Law Firm, P.L.L.C. v. Benjamin L. Hall, III and Elizabeth Hawkins,* cause number 10498–5–BH01, pending in the 23rd District Court of Brazoria County, Texas, and thereby dissolve the temporary injunction.