In re TRANSCONTINENTAL REALTY INVESTORS, INC., Relator.

No. 07–0608.

Supreme Court of Texas.

Nov. 14, 2008.

and the court of appeals denied mandamus relief in a brief memorandum opinion. Transcontinental then sought relief in this Court.

Mitchell Madden, Thomas V. Murto III, Melissa Ann Johnson, MaddenSewell, LLP, Dallas TX, for Relator.

Lewis L. Isaacks, Mark A. Walsh, Gay, McCall, Isaacks, Gordon, & Roberts, P.C., Plano TX, for Real Party in Interest.

PER CURIAM.

The question here is whether an amendment to the permissive-venue statute in the 1980s should be interpreted to eliminate businesses from every venue statute that refers to where a party "resides." We hold that it should not, and thus the defendant corporation here is entitled to be sued in Dallas County where it "resides."

North Texas Municipal Water District filed this suit in Kaufman County to condemn a 30-foot easement for a pipeline across land owned by Transcontinental Realty Investors, Inc. The land is located partly in Dallas County and partly in Kaufman County. Section 21.013 of the Property Code requires condemnation suits to be brought where the owner resides if the property is at least partly in that county:

> The venue of a condemnation proceeding is the county in which the owner of the property being condemned resides if the owner resides in a county in which part of the property is located. Otherwise, the venue of a condemnation proceeding is any county in which at least part of the property is located.

TEX. PROP.CODE § 21.013(a).

Claiming to reside in Dallas County, Transcontinental moved to transfer venue there. The trial court denied the motion,

Section 21.013 is a mandatory venue statute, so it is enforceable by mandamus. TEX. CIV. PRAC. & REM.CODE §§ 15.016, 15.0642; In re Texas Dep't of Transp., 218 S.W.3d 74, 76 (Tex.2007). No showing is required that appeal is an inadequate remedy. Id. The only issue is the legal question whether the trial court properly interpreted section 21.013. In re Texas Ass'n of Sch. Bds., Inc., 169 S.W.3d 653, 656 (Tex.2005).

It is undisputed that Transcontinental's principal place of business is in Dallas County, and that it has no offices in Kaufman County. The District's petition requested service on Transcontinental's registered agent in Dallas County. Under the Texas Business Corporation Act, that must also be Transcontinental's registered office. TEX. BUS. CORP. ACT, arts. 2.09, 8.08.

The District argues that Transcontinental does not "reside" in Dallas County (as required by section 21.013) because corporations have no "residence." We held otherwise in Ward v. Fairway Operating Co., stating that the registered office and agent required by the Business Corporation Act "shall constitute a statutory place of residence of the corporation." 364 S.W.2d 194, 195 (Tex.1963). Ward was one of a long line of cases trying to define a corporation's "domicile"—the general term that governed Texas venue law (with numerous exceptions) from 1836 until 1983. See Dan R. Price, New Texas Venue Statute: Legislative History, 15 ST. MARY's L.J. 855, 857–58 (1984).

The District argues that Ward no longer applies because the Legislature amended the permissive-venue statute in 1983 to limit "residence" to natural persons:

Except as otherwise provided by this Subchapter or Subchapter B or C, all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

TEX. CIV. PRAC. & REM.CODE § 15.002(a). The District argues that the distinction between natural and nonnatural persons in paragraphs (2) and (3) reflects a legislative determination that corporations no longer have a "residence" for any purpose.

We agree the Legislature certainly intended to change "domicile" into something more specific, but that does not mean it intended to eliminate corporations from every other statute referring to "residence." Many venue statutes continue to refer to "residence" without limiting that term to natural persons. *See id.* §§ 15.033, 15.035(b), 15.082, 15.087, 15.088, 15.092(c), 15.098. Indeed, the permissive-venue statute itself provides that if sections (1) through (3) do not apply, then venue is proper where the plaintiff "resided" when the action accrued. *Id.* § 15.02(4). If the District is correct that this cannot include corporations, then when the defendant resides and all events occur out of state, a plaintiff corporation cannot bring the suit *anywhere* in Texas.

While section 21.013 does not define "owner," two other sections of the Property Code do: section 73.001(a)(3) as "a person who has an ownership interest," and

section 209.002(6) as "a person who holds record title to property." In construing statutes, the word "person" includes corporations and other legal entities unless the context indicates otherwise. TEX. GOV'T CODE § 311.005(2).

In addition to these, many other statutes refer to "persons" who "reside" in Texas. *See, e.g.*, TEX. CIV. PRAC. & REM.CODE §§ 16.066(b), 64.003, 64.093; TEX. INS.CODE §§ 462.202, 463.003(10); TEX. TAX CODE § 111.0043. Given the general rule that "persons" includes corporations, we do not think amendment of the permissive-venue statute was intended to change all of these.

In sum, when the Legislature amended the permissive-venue statute to distinguish between a natural person's "residence" and a business's "principal office," we do not think it intended to eliminate corporations and other legal entities from all statutes that refer to a place where one "resides." Undoubtedly, the Legislature could exclude corporations from section 21.013. But until it does so, we hold that landowners who are businesses—just like landowners who are individuals—can insist on venue where they reside if the condemned property is partly located there.

Accordingly, without hearing oral argument we conditionally grant mandamus relief and direct the trial court to transfer venue of this case to Dallas County. TEX. R.APP. P. 52.8(c). We are confident the trial court will comply, and our writ will issue only if it does not.