In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00135-CR


______________________________





IN RE:


JASON BLAKENEY






 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Jason Blakeney has filed a petition for writ of mandamus with this Court. It is related to a
recent proceeding before this Court in which we dismissed Blakeney's appeal. Blakeney had asked
the trial court to grant a Bill of Review in which he could attack his 2002 conviction for murder. The
trial court denied his motion, and we dismissed the appeal for want of jurisdiction, noting that
collateral post-conviction remedies are limited to habeas corpus, pursuant to Article 11.07 of the
Texas Code of Criminal Procedure through the Texas Court of Criminal Appeals. Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon Supp. 2008). (1)

 We grant the extraordinary relief of mandamus only when the trial court has clearly abused
its discretion or failed to perform a mandatory act and the relator lacks an adequate appellate remedy. 
In re Transcontinental Realty Investors, Inc., 271 S.W.3d 270, 271 (Tex. 2008); In re Team Rocket,
L.P., 256 S.W.3d 257 (Tex. 2008).

 It is difficult to ascertain Blakeney's argument from this petition. He lists a number of legal
concepts with definitions: void orders, due process, waiver of governmental immunity, the
supremacy clause, fundamental rights to access to courts, and "court crime," but without explaining
how any of those require us to order the trial court to withdraw his "void" order denying bill of
review. Blakeney appears to be arguing that, because we could not address his effort to obtain a bill
of review of his criminal conviction by appeal, we should be able to do so in a mandamus. That does
not necessarily follow.

 To be entitled to mandamus relief, Blakeney would (among other things) necessarily have
to show an error by the trial court in its actions. He has not done so. As we previously stated, a bill
of review is not an available means to attack a criminal conviction. Thus, the trial court did not err
by denying Blakeney's motion. The requirements necessary to obtain extraordinary relief have not
been met.

 We deny the petition for writ of mandamus.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 14, 2009

Date Decided: July 15, 2009


Do Not Publish
1. The Texas Court of Criminal Appeals and lower courts have recognized that "the exclusive
post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus
pursuant to Tex. Code Crim. Proc. art. 11.07." Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim.
App. 1996); accord In re Harrison, 187 S.W.3d 199, 200 (Tex. App.--Texarkana 2006, orig.
proceeding).



">
Date Submitted: October 15, 2001

Date Decided: October 16, 2001


Do Not Publish