

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

—————————————————

No. 06-10-00006-CR

—————————————————

IN RE:   WILLIAM-GLENN BULINGTON, JR.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

William-Glenn Bulington, Jr., has filed a petition for writ of mandamus with this Court. Bulington claims that the indictment charging him with capital murder in June 2004 is void because it lists one of the complainants therein simply as "John Doe." Bulington alleges that the trial court lacked jurisdiction to hear his case, convict him of capital murder, and sentence him to life in prison. Bulington asks this Court to dismiss the indictment and to enter a judgment of acquittal.

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion or failed to perform a mandatory act and the relator lacks an adequate appellate remedy. *In re Transcontinental Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding) (per curiam). The Texas Court of Criminal Appeals and lower courts have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *accord In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding).

Bulington appealed his capital murder conviction to this Court in cause number 06-04-00135-CR, and on November 1, 2005, this Court issued its opinion. Bulington was afforded ample opportunity in his appeal to raise the issue of which he now complains, i.e., the alleged defective indictment.

2

Here, Bulington further indicates that he filed a writ of habeas corpus in May 2007, which relief was denied. Hence, Bulington has, heretofore, taken advantage of his exclusive post-conviction remedy.

Further, Bulington asks this Court to directly dismiss his indictment and enter a judgment of acquittal. This Court has jurisdiction to issue a writ of mandamus against a "judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004).

The relief requested is beyond the scope of the mandamus authority of this Court.

We deny the petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted: January 21, 2010
Date Decided: January 22, 2010

Do Not Publish

3