

# NUMBER 13-12-00510-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CITY OF CORPUS CHRISTI, TEXAS.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

By petition for writ of mandamus, relator, City of Corpus Christi, Texas ("Corpus Christi"), challenges an order denying its motion to transfer venue from San Patricio County to Nueces County based on the mandatory venue provision governing suits for injunctions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023 (West 2008). We deny the petition for writ of mandamus.

### I. BACKGROUND

The City of Ingleside, Texas ("Ingleside") filed a "Petition for Declaratory Judgment and to Establish Boundary and for Injunctive Relief" against Corpus Christi in the 156th

District Court of San Patricio County.   By this pleading, Ingleside sought declaratory and injunctive relief:

> This is a suit to declare that Ingleside has jurisdiction over wharves, piers, docks, and similar man-made structures that (a) originate on certain land which is either within its city limits or is within its extra territorial jurisdiction and that (b) project into adjacent waters of Nueces Bay and Corpus Christi Bay.
>
> . . . .
>
> The jurisdiction of Corpus Christi as established by its Ordinance encompasses the waters of the bays up to the shoreline to which reference is made in the relevant calls of the Ordinance.   Several piers, bulkheads, wharves, and other man-made structures of a permanent and fixed nature originate on and extend from the land which is within Ingleside's jurisdiction across or over the shoreline into the waters.   These man-made structures are wholly within Ingleside's jurisdiction.   As examples and not by way of limitation, such structures include some which extend from land within Ingleside city limits at the location of the former naval installation known as Homeport into the water, such structures which extend from land within its extra territorial jurisdiction at the locations of Koch/Flint Hills and Dupont properties into the water, and such structures which extend from land within its [extra territorial jurisdiction] into Jewell Fulton Channel at Signet Marine location.

Ingleside thus sought a declaration that these properties were within its jurisdiction and sought "temporary injunctive relief" preventing Corpus Christi from attempting to "assess, impose and attempt to collect taxes" on those properties, or alternatively, ordering Corpus Christi to place "any and all such taxes as may be collected" into the registry of the court pending final hearing.

According to the venue allegations in the petition, venue of the suit was proper in San Patricio County pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1) (providing for permissive venue under the general rule in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred);

2

section 15.011 (requiring suits concerning real property to be brought in the county in which the real property is located); and section 15.065 (providing that if "a river, watercourse, highway, road, or street forms the boundary line between two counties, the courts of each county have concurrent jurisdiction over the parts of the watercourse or roadway that form the boundary of the county in the same manner as if the watercourse or roadway were in that county").   *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.002(a)(1), 15.011, 15.065 (West 2002).

Corpus Christi filed a motion to transfer venue to Nueces County contending that venue is mandatory there under section 65.023 of the Texas Civil Practice and Remedies Code because it "establishes the place for trial in an application for writ of injunction." *See id.* § 65.023 (providing, in relevant part, that a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled).   Following a hearing, the trial court denied the motion to transfer.

This original proceeding ensued.   By one issue, Corpus Christi contends that the trial court abused its discretion by denying a motion to transfer venue to Nueces County when venue is mandatory there.   The Court requested and received a response to the petition for writ of mandamus from Ingleside, and further received a reply to the response from Corpus Christi.

## II. MANDAMUS

The general rule is that a venue ruling is not a final judgment ripe for appeal.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002); TEX. R. CIV. P. 87(6) ("There shall be no interlocutory appeals from such determination.").   Section 15.0642 of the civil

3

practice and remedies code provides for mandamus relief to enforce a mandatory venue provision:

> A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter. An application for the writ of mandamus must be filed before the later of:
>
> (1)    the 90th day before the date the trial starts; or
>
> (2)    the 10th day after the date the party receives notice of the trial setting.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002); *In re Transcon. Realty Investors*, 271 S.W.3d 270 (Tex. 2008) (orig. proceeding); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). In these circumstances, the relator is not required to show that it lacks an adequate remedy by appeal. *In re Mo. Pac. R.R.*, 998 S.W.2d 212, 215–16 (Tex. 1999) (orig. proceeding). The only issue presented in such cases is the legal question regarding whether the trial court properly interpreted the mandatory venue provision. *In re Transcon Realty Investors*, 271 S.W.3d at 270; *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005) (orig. proceeding).

In this context, we note that Corpus Christi alleges that the trial court abused its discretion in denying its motion to transfer venue because Ingleside failed to plead any venue facts that would sustain venue in San Patricio County. Corpus Christi's argument is premised on its allegation that all relevant events or omissions in this suit "have occurred and will occur in Nueces County." The entire gravamen of the case concerns whether taxation is occurring on property located within the geographical jurisdiction of Nueces County, as alleged by Corpus Christi, or San Patricio County, as alleged by Ingleside. Accordingly, we reject Corpus Christi's interpretation of the pleadings.

4

Moreover, to the extent that Corpus Christi appears to be attacking the trial court's ruling insofar as it places venue in San Patricio County based on permissive venue, Corpus Christi has not established that this case involves the "extraordinary circumstances" necessary to depart from the general rule that permissive venue determinations are not reviewable by mandamus. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642; *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 215–16; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). Accordingly, to the extent that the petition for writ of mandamus may raise issues regarding permissive venue, we do not address those contentions herein.

### III. STANDARD OF REVIEW

In an original proceeding regarding the application of mandatory venue, the appellate court reviews the trial court's ruling on a motion to transfer for an abuse of discretion. *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 216. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *In re Fort Bend County*, 278 S.W.3d 842, 843 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

In reviewing a venue decision, the appellate court must conduct an independent review of the entire record, including the trial on the merits if applicable, to determine

5

whether any probative evidence supports the trial court's venue decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (West 2002); *Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 261 (Tex.1994). If there is any probative evidence in the entire record that venue was proper, we must uphold the trial court's ruling. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 471 (Tex.1995).

## IV. MOTION TO TRANSFER VENUE

Venue may be proper in more than one county under the general, mandatory or permissive venue rules. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex. 1998). The plaintiff is given the first choice of the venue in which to file suit, but upon challenge by the defense, bears the burden to prove venue is maintainable in that county. TEX. R. CIV. P. 87(2)(a); *see also GeoChem*, 962 S.W.2d at 544; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). The plaintiff files suit in any permissible county or, in the case of mandatory venue provisions, in the county mandated by statute. *Wilson*, 886 S.W.2d at 260; *Kshatrya v. Tex. Workforce Comm'n & Riddle Techs.*, 97 S.W.3d 825, 830 (Tex. App.—Dallas 2003, no pet.).

A defendant raises the question of proper venue by objecting to a plaintiff's venue choice through a motion to transfer venue. *See* TEX. R. CIV. P. 86. A defendant may move to transfer venue on grounds that mandatory venue lies in a different county. *Id.* 86(3)(b). A party must establish mandatory venue by prima facie proof. *Id.* 87(3)(c). If a plaintiff's chosen venue rests on a permissive venue statute and the defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the motion. *Wichita Cnty. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996); *Spin Doctor*

6

*Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 357 (Tex. App.—Dallas 2009, pet. dism'd); *Morris v. Tex. Parks & Wildlife Dep't*, 226 S.W.3d 720, 723 (Tex. App.—Corpus Christi 2007, no pet.).

## V. ANALYSIS

Texas Civil Practice and Remedies Code section 15.004 provides that when a plaintiff properly joins two or more claims and one of the claims is governed by a mandatory venue provision, the lawsuit must be brought in the county required by the mandatory venue provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (West 2002). Relator contends that Nueces County is the county of mandatory venue based on section 65.023 of the civil practice and remedies code. This section provides that "a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled." *Id.* § 65.023(a).

The Texas Supreme Court has held that section 65.023(a) "applies only to suits in which the relief sought is purely or primarily injunctive." *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding). Stated otherwise, the injunction venue statute applies when "the petition discloses that the issuance of a perpetual injunction is the primary and principal relief sought." *Brown v. Gulf Television Co.*, 306 S.W.2d 706, 708 (Tex. 1957). Accordingly, where the main purpose of suit is for something other than injunctive relief and the injunction is "ancillary, incidental, or adjunctive," section 65.023(a) does not apply. *O'Quinn v. Hall*, 77 S.W.3d 452, 456 (Tex. App.—Corpus Christi 2002, orig. proceeding). Thus, the mere possibility that a court will resort to its injunctive powers to enforce a judgment does not by itself transform a suit into one for a

7

"writ of injunction" within the meaning of Section 65.023(a). *In re Cont'l Airlines, Inc.*, 988 S.W.2d at 736–37.

To determine the main purpose of the suit for purposes of deciding whether the section applies, we examine the pleadings and the relief sought. *See In re Cont'l Airlines, Inc.*, 988 S.W.2d at 736; *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 432 (Tex. App.—Austin 2004, pet. denied) (stating that "if a review of the allegations and the prayer demonstrates that issuance of a permanent injunction would be merely ancillary to a judgment awarding declaratory relief, [section 65.023(a)] does not apply"); *Karagounis v. Bexar Cnty. Hosp. Dist.*, 70 S.W.3d 145, 147 (Tex. App.—San Antonio 2001, pet. denied) ("The true nature of a lawsuit depends on the facts alleged in the petition, the rights asserted and the relief sought, and not on the terms used to describe the cause of action."). Various courts have utilized these principles to determine whether or not specific cases fall within the purview of section 65.023. *See, e.g., In re Adan Volpe Props.*, 306 S.W.3d 369, 377 (Tex. App.—Corpus Christi 2010, orig. proceeding) (providing that in suit involving claims of fraud, breach of fiduciary duty, conspiracy, defamation and libel, intentional infliction of emotional distress, invasion of privacy, and racketeering, requests for injunctive relief sought to prevent arbitration and "further libel and slander" were ancillary or adjunctive to causes of action for actual damages); *In re Dole Food Co.*, 256 S.W.3d 851, 855 (Tex. App.—Beaumont 2008, orig. proceeding) (concluding that the relief sought was primarily injunctive in nature where the plaintiff sought substantial and permanent restraints on speech and conduct and damages alone would not serve as an effective deterrent to the complained-of conduct); *Karagounis*, 70

8

S.W.3d at 147 (concluding section 65.023 did not apply to a breach of contract case with the requested relief labeled as "injunctive" in nature where the claimant was actually seeking specific performance of a contract); *Hogg v. Prof'l Pathology Assocs., P.A.*, 598 S.W.2d 328, 329–30 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ dism'd) (concluding that a suit for breach of a restrictive covenant seeking damages and injunctive relief was not primarily injunctive because, inter alia, the claim for monetary damages would be a greater deterrent to other employees who might be tempted to breach the agreement than injunctive relief); *see also In re Hardwick*, No. 01-12-00362-CV, 2012 Tex. App. LEXIS 6518, at *20 (Tex. App.—Houston [1st Dist.] Aug. 2, 2012, orig. proceeding) (holding that the equitable remedy of forfeiture does not amount to a request for an injunction under section 65.023); *Graybar Elec. Co. v. Gonzalez (In re Graybar Elec. Co.)*, Nos. 13-08-00073-CV, 13-08-00294-CV, 13-08-00333-CV, & 13-08-00341-CV, 2008 Tex. App. LEXIS 6868, at *22 (Tex. App.—Corpus Christi Aug. 26, 2008, no pet.) (combined appeal & orig. proceeding) (mem. op.) (concluding that section 65.023 was inapplicable where request for temporary injunction was ancillary to the primary relief sought, which were monetary damages associated with various causes of action, including breach of contract and breach of fiduciary duty).

As stated previously, Ingleside brought suit against Corpus Christi for a declaratory judgment establishing the boundaries of its geographical jurisdiction with regard to man-made structures of a permanent and fixed nature which originate on and extend from land. In connection with this request for declaratory relief, Ingleside requested that the trial court either restrain Corpus Christi from collecting taxes on these

structures or require Corpus Christi to place any collected taxes into the registry of the court pending final determination of the boundary dispute. Examining the pleadings and the relief sought, we conclude that the main purpose of the suit is to obtain a declaratory judgment establishing the boundaries between the two cities, and the temporary injunctive relief sought, that is, preservation of any collected taxes, is merely ancillary or adjunctive to that relief. Although Corpus Christi contends that the relief sought by Ingleside amounts to a permanent injunction or a temporary injunction that will become permanent with regard to the right to tax the structures at issue, the possibility that the trial court will resort to injunctive relief to enforce a judgment rendered in this case does not by itself transform the suit into one for a "writ of injunction" within the meaning of Section 65.023(a). *In re Cont'l Airlines, Inc.*, 988 S.W.2d at 736–37. In short, based on the pleadings and relief sought, we cannot conclude that the relief sought by Ingleside in this matter is "purely or primarily injunctive." *Id.* at 736. Accordingly, section 65.023 does not apply to compel mandatory venue in Nueces County.

## VI. CONSOLIDATION

In a sub-issue, Corpus Christi contends that the trial court abused its discretion in refusing to transfer venue "thereby denying consolidation of same or similar claims." According to the petition for writ of mandamus, a lawsuit styled *San Patricio County, Texas v. Nueces County, Texas and Nueces County Appraisal District*, cause number 09-5990-C, is currently pending before the 94th District Court of Nueces County, Texas, and that case concerns the same legal issues regarding the same man-made structures that are at issue in this case. Corpus Christi contends that the "two lawsuits involve

common questions of law and fact and consolidation of the actions would be in furtherance of convenience, avoid prejudicial and different results, improve judicial economy and tend to increase the possibility of having fair and just resolution of the issues involved."  In contrast, Ingleside contends, inter alia, that the matter of consolidation has not been raised in the trial court and that any such ruling would not be subject to review as pertaining to mandatory venue in this original proceeding.

As a general rule, mandamus will not issue to compel an action that has not first been demanded and refused.   *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding).   An exception to this "demand and refusal" requirement arises if demand would be futile. *See In re Perritt*, 992 S.W.2d at 446; *Terrazas,* 829 S.W.2d at 723.   The record before us fails to implicate the "futility" exception to this doctrine.   Moreover, equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address.   *See In re Michele Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).   Accordingly, we reject Corpus Christi's argument that the underlying matter should be consolidated with the Nueces County case for the purposes of this original proceeding.

### VII. CONCLUSION

Because section 65.023 of the Texas Civil Practice and Remedies Code does not apply to this case, the trial court did not abuse its discretion in refusing to transfer this suit

11

to Nueces County.    We deny the petition for writ of mandamus.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of August, 2012.