**Petition for Writ of Mandamus Denied and Opinion filed April 21, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00265-CV

---

### IN RE DLS, L.L.C. A/K/A D & L SALVAGE, L.L.C, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-68160**

---

## OPINION

On November 13, 2015, real party-in-interest Daniel Foret ("Foret") sued relator DLS, L.L.C. ("DLS") in Harris County, Texas, under the Jones Act for injuries allegedly incurred in Louisiana inland waters.

On April 4, 2016, DLS filed a petition for writ of mandamus asking this court to compel the Honorable Jeff Shadwick, presiding judge of the 55th District

Court of Harris County, Texas, to: (1) to vacate his "Order Denying Defendant's Motion to Transfer Venue," and (2) transfer venue of this case to Montgomery County, Texas. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. DLS also filed a motion for temporary relief asking this court to stay the proceedings below.

For the reasons discussed below, we deny both the petition for writ of mandamus and the motion for temporary relief.

## BACKGROUND

Foret, a resident of Montgomery County, alleges he was injured while working for DLS on a vessel in Louisiana inland waters. DLS is a Louisiana limited liability company and does not have a principal office in any Texas coastal county.

Foret's petition alleges that venue is proper in Harris County because (1) this suit is brought under the Jones Act; (2) all or a substantial part of the events and omissions giving rise to the claims asserted occurred on inland waters outside this state; and (3) Foret did not reside in Galveston County when the cause of action accrued. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.0181 (West Supp. 2015).

On January 19, 2016, DLS filed a motion to transfer venue from Harris County to Montgomery County where Foret resides. DLS's motion argues that (1) venue is improper in Harris County; (2) section 15.0181(e)(2) is not the proper basis for venue in this case; and (3) venue is proper in Montgomery County under

2

section 15.0181(e)(4). On February 5, 2016, Foret filed a response the motion to transfer venue, arguing that DLS had misconstrued the venue statute.

After an oral hearing, on March 7, 2016, the trial court signed an Order denying the motion to transfer venue.

## ANALYSIS

## I.    Mandamus Standard

To obtain mandamus relief, a relator generally must show that the trial court clearly abused its discretion and the lack of an adequate remedy by appeal. *In re Prudential Ins. Co*., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

The second requirement is met here because section 15.0181(e) is a mandatory venue statute enforceable by mandamus. *See* Tex. Civ. Prac. & Rem. Code §§ 15.0181(e), 15.0642; *see also In re Transcont. Realty Invest., Inc*., 271 S.W.3d 270, 271 (Tex. 2008). The only issue is whether the trial court properly interpreted and applied the mandatory venue statute. *Id*. We review issues of statutory construction *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

## II.    Proper Construction of Section 15.0181(e)

This case presents a novel issue regarding section 15.0181(e)'s construction. Section 15.0181(e)'s applicability is undisputed, as are the facts material to a venue determination. The parties agree that (1) a substantial part of the events and omissions giving rise to the claims asserted occurred on inland waters outside

3

Texas; (2) DLS does not have a principal office in Texas located in a coastal county; and (3) Foret resides in Montgomery County.

The parties disagree as to the proper construction of section 15.0181(e), which provides:

> (e) If all or a substantial part of the events or omissions giving rise to the claim occurred on inland waters outside this state, ashore in a Gulf Coast state, or during the course of an erosion response project in a Gulf Coast state, the suit shall be brought:
>
> > (1) in the county where the defendant's principal office in this state is located if the defendant's principal office in this state is located in a coastal county;
> >
> > (2) in Harris County unless the plaintiff resided in Galveston County at the time the cause of action accrued;
> >
> > (3) in Galveston County unless the plaintiff resided in Harris County at the time the cause of action accrued; or
> >
> > (4) if the defendant does not have a principal office in this state located in a coastal county, in the county where the plaintiff resided at the time the cause of action accrued.

Tex. Civ. Prac. & Rem. Code Ann. § 15.0181 (West Supp. 2015).

The trial court's order denying transfer accurately states the parties' opposing interpretations of section 15.0181(e) and explains the court's reasons for adopting Foret's interpretation:

> Plaintiff [Foret] argues that sub-paragraphs (1) through (4) of CPRC 15.0181(e) are independent options within a mandatory venue statue. Plaintiff's position is that CPRC 15.0181(e)(2) and (4) are both available for him to select, and that he selected CPRC 15.0181(e)(2).

4

Defendant [DLS] argues that CPRC 15.0181(e)(1) through (3) apply where defendant has a principal office in this state located in a coastal county, and only CPRC 15.0181(e)(4) applies where a defendant has no such office.

The organization of the statute favors the Plaintiff's interpretation. Had the Legislature intended Defendant's interpretation, it would have created 15.0181(e)(1)(i) through (iii) as the three option if a defendant had a Texas office, and 15.0181(e)(2) to cover what is presently (e)(4) where there is no office. Without such an organization, Plaintiff's interpretation results.

Defendant's reasoning makes sense, but the Legislature did not write it that way, and the Court will not correct the work of the Legislature.

We agree with the trial court's conclusions regarding section 15.0181(e)'s operation.

We apply the following well-established principles of statutory construction. "We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results." *Texas Lottery Com'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). "A court should not add to or subtract from the language of an unambiguous statute." *Ex Parte Lovings*, 480 S.W.3d 106, 111 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex. 2000) (courts "should not presume to add" to statute when legislature has demonstrated it "clearly knew" how to add phrase in other parts of statute).

Section 15.0181(e)(2)'s plain language allows a plaintiff to establish venue in Harris County regardless of whether the defendant has a principal office in this state located in a coastal county. Section 15.0181(e)(4) applies only if the defendant does not have a principal office in this state located in a coastal county; in contrast, subsection (e)(2)'s reach is not limited based upon where the defendant's principal office is located. DLS's proposed construction improperly requires the addition of language not found in section 151.0181(e)(2) itself.

*In re Atlantic Sounding Co., Inc.*, 04-15-00407-CV, 2015 WL 8386363, at *3 (Tex. App.—San Antonio Dec. 9, 2015, orig. proceeding), adopted DLS's proposed interpretation of section 15.0181(e), stating: "Under this mandatory provision, venue is only permitted in the county of plaintiff's residence when the defendant does not have a principal office in Texas located in a coastal county. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e)(4). When the defendant does have a principal office in a coastal county in Texas, venue must be in the county of the defendant's principal office, Harris County or Galveston County. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e)(1)-(3) (West Supp. 2015)."

The trial court correctly points out that *In re Atlantic Sounding Co.* does not explain its construction of the statute. We conclude that *In re Atlantic Sounding Co.*'s interpretation is incorrect because it impermissibly adds language to subsection (e)(2)'s unambiguous terms. The phrase "when the defendant does have a principal office in a coastal county in state" does not appear in subsections (e)(1)-(3). This interpretation also was unnecessary and therefore *dicta* because *In re Atlantic Sounding Co.* could have reached the same result by holding that venue

6

does not lie in the county of the plaintiff's residence under subsection (e)(4) when, as in that case, the defendant has a principal office in a coastal county in Texas. *See In re Atl. Sounding Co., Inc*., 2015 WL 8386363, at *2–3.

## CONCLUSION

The trial court correctly interpreted section 15.0181(e)(2), which allows a plaintiff to file suit in Harris County regardless of whether the defendant has a principal office in this state located in a coastal county. We therefore deny DLS's petition for writ of mandamus and deny DLS's motion for temporary relief.

/s/    William J. Boyce
Justice

Panel consists of Justices Boyce, Christopher, and Jamison.

7