**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00140-CV**

_____

**IN RE USA TODAY A/K/A GANNETT CO., INC.,
GANNETT PUBLISHING SERVICES, LLC, AND
GANNETT SATELLITE INFORMATION NETWORK, LLC**

---

**Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. CV22-06-07554**

---

**MEMORANDUM OPINION**

USA Today a/k/a Gannett Co., Inc., Gannett Publishing Services, LLC, and

Gannett Satellite Information Network, LLC (collectively, "USA Today") filed a

mandamus petition to enforce a mandatory venue provision in a breach of contract

and defamation suit brought by Ryan LLC ("Ryan"). *See* Tex. Civ. Prac. & Rem.

Code Ann. § 15.0642 ("A party may apply for a writ of mandamus with an appellate

court to enforce the mandatory venue provisions of this chapter.").

1

In its trial court pleadings, Ryan alleged that it maintains its principal place of business in Dallas, Texas. The trial court ruled that the mandatory venue statute for defamation claims allowed Ryan to elect to bring the suit in a county where a member of Ryan resides. Since three of Ryan's members reside in Montgomery County, the trial court denied USA Today's motion to transfer venue to Dallas County, where Ryan maintains its principal office.

On mandamus review, USA Today argues the trial court clearly abused its discretion because as a limited liability company Ryan resides where it maintains its principal office. In response, Ryan argues the venue statute governing defamation claims treats limited liability companies the same as partnerships, and that partnerships "reside" where their partners reside, not where the partners maintain a principal office.

We hold that when a limited liability company sues for defamation, the county in which the plaintiff resided at the time of the accrual of the cause of action is the county where the limited liability company maintains its principal office. Since Ryan did not file its suit for defamation in a county of proper venue, we conditionally grant mandamus relief.

Section 15.017 allows a plaintiff to elect to file a defamation suit in the domicile of any corporate defendant. *See id*. § 15.017. Section 15.017 does not include language that allows a plaintiff to elect to file a defamation suit in the

2

domicile of the plaintiff. *See id.* It does, however, allow a plaintiff to file a suit for damages for libel, slander, or invasion of privacy in the county where the plaintiff resided when the claim accrued. *Id.* Ryan argues, and the trial court agreed, that since section 15.017 is silent as to a plaintiff that is a limited liability company, and natural persons "reside" while corporations are "domiciled," a limited liability company must "reside" where its members reside and not where the company maintains its principal office.

When we consider the meaning of a word that is not defined in the statute, "the common, ordinary meaning of the term applies unless a contrary meaning is apparent from the statute's language or the common meaning would lead to absurd or nonsensical results." *Harris Cty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 121-22 (Tex. 2017) (citing Tex. Gov't Code Ann. § 311.011). Black's Law Dictionary includes a definition of "residence" as "'[t]he place where a corporation or other enterprise does business or is registered to do business.'" *Residence*, Black's Law Dictionary (9th ed.).

Similar language to that found in section 15.017 is used in the general venue statute, which allows a plaintiff to file a lawsuit (1) in the county where the events giving rise to the claim occurred, (2) in the county of the defendant's residence if the defendant is a natural person, (3) in the county of the defendant's principal office if the defendant is not a natural person, or (4) if none of those situations apply, in the

3

county in which the plaintiff "resided" at the time of the accrual of the cause of action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a).

The Texas Supreme Court rejected a strict application of "resided" in a case where the issue was whether the legislature, by distinguishing between natural and non-natural defendants in the general venue statute, "intended to eliminate corporations and other legal entities from all statutes that refer to a place where one 'resides.'" *In re Transcon. Realty Inv'rs, Inc.*, 271 S.W.3d 270, 272 (Tex. 2008) (orig. proceeding). A mandatory venue provision in the Property Code placed venue in "the county in which the owner of the property being condemned resides if the owner resides in a county in which part of the property is located." *Id.* at 271 (citing Tex. Prop. Code Ann. § 21.013(a)). The Court rejected the notion that the legislature intended to eliminate corporations from every other statute referring to "residence" when it amended the permissive venue statute in 1983. *Id.* Thus, a corporation could enforce the mandatory venue statute to compel transfer of a condemnation case to the county where the corporation maintains its principal office. *Id.* at 272. Otherwise, the Court reasoned, that "when the defendant resides and all events occur out of state, a plaintiff corporation cannot bring the suit *anywhere* in Texas." *Id.* (emphasis in original).

Here, the trial court concluded that when the legislature drafted Chapter 15 of the Civil Practice and Remedies Code it must have been referring to the residences

4

of the members of a limited liability company or it would have used a word other than "resided" in section 15.017. But the Supreme Court has recognized the broader, commonly understood meaning of "resided" in Chapter 15 to refer to a corporation's principal office. *See id*. The logic of *Transcontinental Realty* applies with equal force to section 15.017, which contains the same language found in section 15.002(a)(4) regarding where the plaintiff "resided" at the time the action accrued and makes the same distinction between natural and non-natural defendants. Just as the use of the word "resided" in section 15.002(a)(4) was not intended to remove corporations from all the statutory provisions that call for venue in a county where the plaintiff "resided," the use of the word "resided" in section 15.017 is not intended to change where a limited liability company "resided" from the county of its principal office to the counties where its members live.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We conclude that the trial court acted without reference to guiding rules and principles when it ruled that Ryan filed its lawsuit in a county of mandatory venue under section 15.017. A trial court abuses its discretion if it fails to correctly analyze or apply the law, because "'[a] trial court has no 'discretion' in determining what the law is or

5

[in] applying the law to the facts[.]'" *See Prudential*, 148 S.W.3d at 135. "Mandamus relief is the proper remedy to enforce a mandatory venue provision when the trial court has denied a motion to transfer venue." *In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.0642.

We conditionally grant USA Today's petition for a writ of mandamus. We are confident that the trial court will vacate its Order Denying Motion to Transfer Venue and will transfer the case to Dallas County. The writ shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 7, 2023
Opinion Delivered October 19, 2023

Before Golemon, C.J., Horton and Wright, JJ.