

# NUMBER 13-11-00707-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE J.P. MORGAN CHASE BANK, N.A., IN ITS CORPORATE CAPACITY AND AS TRUSTEE OF THE RED CREST TRUST UNDER TRUST AGREEMENT DATED MAY 9, 1985, AND PHILIP METTHAM

### On Petition for Writ of Mandamus.

# OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Opinion by Justice Perkes[1]

Relators, J.P. Morgan Chase Bank, N.A., in its corporate capacity and as trustee of the Red Crest Trust under Trust Agreement dated May 9, 1985, and Philip Mettham, filed a petition for writ of mandamus on November 7, 2011, seeking relief from the trial court's refusal to grant their motion to transfer venue. The Court requested and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

received a response to the petition from the real party in interest, Orca Assets, G.P., L.L.C. ("Orca"). We deny the petition for writ of mandamus.

## I. STANDARD OF REVIEW

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits of mandamus review outweigh the detriments*. In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

A party may file a petition for writ of mandamus to enforce the mandatory venue provisions of chapter 15 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002). Under section 15.016 of the Texas Civil Practice and Remedies Code, an action governed by any other statute prescribing mandatory venue must be brought in the county required by that statute. *See id.* § 15.016 (West 2002). Section 115.002 of the Texas Property Code is a mandatory venue statute, so it is enforceable by mandamus. *See* TEX. PROP. CODE ANN. § 115.002 (West 2007); TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.016, 15.0642; *In re Transcon. Realty Investors*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). In the case of mandatory

venue, relators are not required to show that appeal is an inadequate remedy. *In re Transcon. Realty Investors*, 271 S.W.3d at 271.

## II. BACKGROUND

Orca paid relators more than $3 million to lease mineral interests in DeWitt County, Texas. After entering the leases, relators attempted to rescind the leases because the subject acreage had been previously leased to a third party. Orca brought suit against relators in DeWitt County, alleging that DeWitt County was the county of mandatory venue under section 15.011 of the Texas Civil Practice and Remedies Code:

> This is primarily a lawsuit to quiet title to real property and/or to recover for the fraudulent sale of, transfer of, and a constructive trust over, real estate that was sold by [Red Crest Trust] to Plaintiff pursuant to fraudulent representations made by Mettham for his personal benefit. These real estate assets and mineral interests are located in DeWitt County, Texas.
>
> . . . On January 7, 2011, [relators] sold and accepted payment for these DeWitt County real estate assets. In return, [relators] tendered leases on the DeWitt County real estate assets to Orca and represented that Defendants had not leased these properties to any other person.
>
> . . . Orca is the holder of the leases on which it seeks specific performance from [relators] to deliver these assets as represented and with no claim of a prior sale to any other person. Orca further seeks to quiet title as to its ownership of this real property mineral estate. In the alternative, Orca seeks a constructive trust over these assets and/or damages.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2002) (generally providing that a suit involving a land dispute must be filed in the county where all or part of the land is located). Orca's causes of action against relators include trespass to try title, fraud, fraud in a real estate transaction, negligent misrepresentation, tortious interference, civil conspiracy, and a request for specific performance.

3

Relators moved to transfer venue on grounds that section 115.002 of the Texas Property Code, which prescribes venue in actions filed against trustees, mandates transfer of the case to Tarrant County, Texas, because Tarrant County is the situs of administration of the Red Crest Trust. *See* TEX. PROP. CODE ANN. §§ 115.001 (West Supp. 2010), 115.002. Section 115.001 of the Texas Property Code, entitled "Jurisdiction," provides that district courts have "original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts." TEX. PROP. CODE ANN. § 115.001(a). The statute includes ten enumerated examples of such proceedings and further states that the list of enumerated proceedings "is not exhaustive." *See id.* § 115.001(a), (a–1). The venue of an action under section 115.001 is determined according to section 115.002, which requires suit in the county in which the situs of administration of the trust has been maintained. *See id.* § 115.002(c).

In contrast, Orca asserts that venue is mandatory in DeWitt County because Orca's claims are subject to the mandatory venue provision governing real property. Section 15.011 of the Texas Civil Practice and Remedies Code applies to: (1) actions for recovery of real property or for recovery of an estate or interest in real property; (2) actions for partition of real property, (3) actions to remove encumbrances from the title to real property; (4) actions for recovery of damages to real property; and (5) actions to quiet title to real property. TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Any of these specified types of actions must be brought in the county in which part or all of the property is located. *Id.* According to Orca, the dominant purpose of its suit against relators was to establish ownership of property or an interest in property as an "indirect means of quieting title to the mineral estate." *See, e.g., In re Applied Chem. Magnesias*

4

*Corp.*, 206 S.W.3d 114, 119 (Tex. 2006) (orig. proceeding) (holding that section 15.011 applied because the plaintiff was using a declaratory judgment action "as an indirect means of quieting title to the mineral estate" in the land at issue); *Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001) (holding that the precursor to section 15.011 applied where the ownership to property is in dispute).

## III. ANALYSIS

Orca contends, and we agree, that the cited venue provisions of the Texas Property Code are inapplicable to this dispute. Orca's causes of action against relators for trespass to try title, fraud, fraud in a real estate transaction, negligent misrepresentation, tortious interference, civil conspiracy, and specific performance are not enumerated in section 115.001(a), and they do not fall within its scope. All of the actions enumerated in section 115.001(a) involve actions relating to the trust itself or the operation thereof, and none involves anything resembling a tort action. *See In re Guardianship of Gibbs*, 253 S.W.3d 866, 872 (Tex. App.—Fort Worth 2008, pet. dism'd) (op. on reh'g); *In re Stark*, 126 S.W.3d 635, 639 (Tex. App.—Beaumont 2004, orig. proceeding). In fact, cases construing the scope of section 115.001 have held that the mere fact that trust funds are implicated by a claim does not transform the claim into one "concerning" or "involving" trusts. *See, e.g., In re Guardianship of Gibbs*, 253 S.W.3d at 872; *Mobil Oil Corp. v. Shores*, 128 S.W.3d 718, 724–25 (Tex. App.—Fort Worth 2004, no pet.) (holding that the mere fact that the plaintiff was a trustee did not transform the suit into one "concerning trusts" under section 115.001(a)); *In re Stark*, 126 S.W.3d at 642 (holding that claims for fraud, conspiracy, and breach of fiduciary duty were not claims "concerning trusts" within the meaning of section 115.001(a) or

5

claims "involving trusts" within the meaning of former probate code section 5A(c)); *see also Retzlaff v. Deshay*, No. 14-03-00833-CV, 2004 Tex. App. LEXIS 8581, 2004 WL 2163173, at *5 (Tex. App.—Houston [14th Dist.] Sept. 28, 2004, no pet.) (mem. op.) (holding that a claim for breach of fiduciary duty against a trustee did not concern a trust within the meaning of section 115.001(a)). Thus, the underlying lawsuit does not fall within the scope of section 115.001, or by extension, the mandatory venue provision of section 115.002.

Relators contend that the 2007 amendments to section 115.011 indicate a legislative intent to clarify the expansive scope of this section and effectively overrule case law construing the predecessor statute. In 2007, the Legislature added subsection (a–1), which provides that the list of proceedings enumerated in the statute are not "exhaustive" and that a district court has jurisdiction "over a proceeding by or against a trustee or a proceeding concerning a trust under Subsection (a) whether or not the proceeding is listed in Subsection (a)." *See* Tex. Prop. Code Ann. § 15.011(a–1) (as modified by Act of May 16, 2007, 80th Leg., R.S., ch. 451, § 11, 2007 TEX. GEN. LAWS 801, 804–05); *see Carroll v. Carroll*, 304 S.W.3d 366, 368 n.3 (Tex. 2010).

We do not agree with relators' contention as it relates to the claims in this proceeding. While the amendment clearly overrules those cases which construed former section 115.001 as providing an exclusive list of actions concerning trusts over which a district court has jurisdiction, nothing in the amendment indicates the intent to overrule those cases holding that section 115.001 does not encompass tort claims and non-administrative matters against a trustee. *See, e.g., Mobil Oil Corp.*, 128 S.W.3d at 725 ("Under appellees' theory, every lawsuit to which a trustee is a party would come

6

within section 115.001[,] no matter what the subject matter. The mere fact that a plaintiff happens to be a trustee, however, does not transform a case into one 'concerning trusts.'").

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto under the applicable standard of review, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

_____
GREGORY T. PERKES
Justice

Delivered and filed the
5th day of December, 2011.