Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# OPINION

No. 04-12-00006-CV

**IN RE J.P. MORGAN CHASE BANK, N.A., IN ITS INDIVIDUAL CAPACITY, AND AS TRUSTEE OF THE RED CREST TRUST, AND PHILIP METTHAM**

Original Mandamus Proceeding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  April 11, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relators J.P. Morgan Chase Bank, N.A., In Its Individual Capacity, and as Trustee of the Red Crest Trust, and Philip Mettham, seek mandamus relief directing the 81st District Court of Karnes County to transfer venue to Tarrant County, Texas. We conditionally grant mandamus relief.

## BACKGROUND

This proceeding arises out of a suit filed by the Dorfmans[2] against Orca/ICI Development, Orca Petroleum, Ltd., Orca Assets, G.P., L.L.C. (collectively "Orca"), J.P.

---

[1] This proceeding arises out of Cause No. 11-07-00165-CVK, styled *Louis Dorfman, et al. v. JP Morgan Chase Bank, N.A., In Its Individual Capacity and As Trustee of the Red Crest Trust, et al.*, pending in the 81st Judicial District Court, Karnes County, Texas, the Honorable Donna Rayes presiding. However, the order complained of was signed by the Honorable H. Paul Canales, visiting judge.

Morgan, as the sole trustee of the Red Crest Trust, and Philip Mettham (collectively "J.P. Morgan"). The suit involves a title dispute regarding the right to develop minerals in Karnes County. J.P. Morgan, as trustee of the trust, and Orca entered into a mineral lease effective October 5, 2010 (the "Red Crest Lease"). The Dorfmans claim a one-half mineral interest in part of the land the subject of the Red Crest Lease. The Dorfmans contend the deed J.P. Morgan relies on was declared void in 1944 by a Karnes County court. The Dorfmans sued J.P. Morgan, Mettham, and Orca asserting the following claims: (1) suit to quiet title; (2) declaratory relief; (3) suit for slander of title; (4) fraud and fraudulent concealment; (5) tortious interference with prospective contractual relationships; (6) tortious interference with existing contractual relationships; (7) conspiracy to tortiously interfere with prospective contractual relationships; and (8) conspiracy to tortiously interfere with existing contractual relationships.

In August of 2011, J.P. Morgan and Mettham moved to transfer venue in accordance with section 115.002 of the Texas Property Code to Tarrant County, Texas because the suit is against a trustee and the trust is administered in Tarrant County. After a hearing on October 27, 2011, the Honorable H. Paul Canales denied the motion to transfer venue. This petition for writ of mandamus ensued.

## VENUE UNDER THE PROPERTY CODE

J.P. Morgan contends the trial court erred in failing to transfer the suit from Karnes County to Tarrant County. J.P. Morgan maintains that venue is mandatory in Tarrant County based on the mandatory venue provisions found in section 115.002 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 115.002 (West Supp. 2011). Section 115.002 provides that when there is a corporate trustee, the venue of an action under section 115.001 of the Texas Property

---

[2] Relators collectively refer to the plaintiffs as "the Dorfmans," which include the following: Louis Dorfman, K.I. Holdings, Ltd., Sam Myers, J.M.D. Resources, Inc., Billy Cogdell Bowden, Barbara Standfield, Stacey Dorfman-Kivowitz, Julia Dorfman, Mark Dorfman, David Phillip Cook, Cheryl King Cook, and Sam Y. Dorfman, Jr.

Code "shall be brought in the county in which the situs of the administration of the trust is maintained or has been maintained at any time during the four-year period preceding the date the action is filed, provided that an action against a corporate trustee as defendant may be brought in the county in which the corporate trustee maintains its principal office in this state." *Id.* § 115.002(a), (c). Section 115.001 lists the actions that fall under the ambit of section 115.002 as follows:

> (a) Except as provided by Subsection (d) of this section, a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts, including proceedings to:
> > (1) construe a trust instrument;
> > (2) determine the law applicable to a trust instrument;
> > (3) appoint or remove a trustee;
> > (4) determine the powers, responsibilities, duties, and liability of a trustee;
> > (5) ascertain beneficiaries;
> > (6) make determinations of fact affecting the administration, distribution, or duration of a trust;
> > (7) determine a question arising in the administration or distribution of a trust;
> > (8) relieve a trustee from any or all of the duties, limitations, and restrictions otherwise existing under the terms of the trust instrument or of this subtitle;
> > (9) require an accounting by a trustee, review trustee fees, and settle interim or final accounts; and
> > (10) surcharge a trustee.
>
> (a-1) The list of proceedings described by Subsection (a) over which a district court has exclusive and original jurisdiction is not exhaustive. A district court has exclusive and original jurisdiction over a proceeding by or against a trustee or a proceeding concerning a trust under Subsection (1) whether or not the proceeding is listed in Subsection (a).

*Id.* § 115.001(a)-(a-1).

J.P. Morgan contends that since the suit is against J.P. Morgan, as the sole trustee of the trust, and it is undisputed that the trust was administered by J.P. Morgan from its offices in

Tarrant County during the past four years, venue is mandatory in Tarrant County. *See id.* § 115.002(a), (c).

## VENUE UNDER THE CIVIL PRACTICE & REMEDIES CODE

The Dorfmans and Orca contend venue is mandatory in Karnes County, where the suit was filed, in accordance with section 15.011 of the Texas Civil Practice and Remedies Code because the suit is one that concerns an interest in land and is primarily a suit to quiet title to real property. *See* TEX. CIV. PRAC. REM. CODE ANN. § 15.011 (West 2002). The Dorfmans and Orca argue that since the Dorfmans joined two or more claims arising from the same transaction or occurrence, and one of those claims is a claim to quiet title or other claim subject to the real property mandatory venue provision, the suit must be brought in the county required by the mandatory venue provision. *See id.* § 15.004 (providing that "[i]n a suit in which a plaintiff properly joins two or more claims or causes of action arising from the same transaction, occurrence, or series of transactions or occurrences, and one of the claims or causes of action is governed by the mandatory venue provisions of Subchapter B, the suit shall be brought in the county required by the mandatory venue provision.").

## DISCUSSION

We must determine whether section 15.011 of the Texas Civil Practice and Remedies Code or section 115.002 of the Texas Property Code controls. Because section 115.002 of the Texas Property Code originates from outside of Chapter 15 of the Texas Civil Practice and Remedies Code, we look to section 15.016 of the Civil Practice and Remedies Code, which provides that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *Id.* § 15.016. "[I]f an action is governed by a separate mandatory venue provision, then the action shall be brought in the county required by

the separate venue provision." *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). Section 115.002 of the Texas Property Code is such a mandatory venue provision. Therefore, section 15.016 requires that the mandatory venue provisions in section 115.002 of the Property Code prevail over section 15.011 of the Texas Civil Practice and Remedies Code. *Id.* (concluding that based on section 15.016, the mandatory venue provision in section 101.102(a) of the Texas Tort Claims Act prevails over the mandatory venue provision in section 15.015 of the Texas Civil Practice and Remedies Code (venue provision for actions against counties)); *In re Adan Volpe Props.*, 306 S.W.3d 369, 375 (Tex. App.—Corpus Christi 2010, orig. proceeding) (concluding that based on section 15.016, the mandatory venue provision in section 65.023 of the Texas Civil Practice and Remedies Code (venue provision for injunctions) prevails over the mandatory venue provision in section 15.017 (venue provision for suits for libel, slander, or invasion of privacy)); *In re Dole Food Co.*, 256 S.W.3d 851, 856 (Tex. App.—Beaumont 2008, orig. proceeding) (same). Therefore, because section 115.002 of the Texas Property Code prevails, we must now consider whether venue is proper in Tarrant County based on the provisions in sections 115.001 and 115.002.

There is no dispute that J.P. Morgan is the sole corporate trustee of the trust and that during the past four years the trust was administered in Tarrant County. *See* TEX. PROP. CODE ANN. § 115.002. Instead, the Dorfmans and Orca argue the action does not fall within section 115.001 because the suit must "concern a trust" for section 115.001 to apply. *See In re Stark*, 126 S.W.3d 635, 642 (Tex. App.—Beaumont 2003, orig. proceeding) (applying former section 115.001 and concluding that tort claims against a trustee do not fall within the ambit of section 115.001). Therefore, the Dorfmans and Orca contend that since the suit does not fall within section 115.001, the venue provisions in section 115.002 are inapplicable.

However, we disagree with the Dorfmans and Orca's contention that the instant suit does not fall within section 115.001. In 2007, section 115.001 was amended to provide that a district court has original and exclusive jurisdiction over not only all proceedings concerning a trust, but also "all proceedings by or against a trustee." Act of May 24, 2005, 79th Leg., R.S., ch. 148, 2005 Tex. Gen. Laws 296 (amended 2007) (current version at TEX. PROP. CODE ANN. § 115.001(a)). The primary objective of statutory construction is to give effect to legislative intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In discerning that intent, we begin with the "'plain and common meaning of the statute's words.'" *Id.* "If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute." *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). Applying the plain language of the statute to the case at hand, we conclude that since this is a proceeding against a trustee in accordance with section 115.001, the mandatory venue provisions in section 115.002 apply. Courts "must take statutes as they find them." *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920). From the plain wording of section 115.001, it applies to *all* proceedings by or against a trustee. *See* TEX. PROP. CODE ANN. § 115.001(a).

We acknowledge the recent case of *In re J.P. Morgan Chase Bank, N.A.*, out of the Corpus Christi Court of Appeals involving the same parties as those in the case at hand. No. 13-11-00707-CV, 2011 WL 6098696, at *3 (Tex. App.—Corpus Christi, Dec. 5, 2011, orig. proceeding). In that case, the court held that section 115.001 was inapplicable because the suit did not involve an action relating to the trust itself or the operation of a trust. *Id.* We decline to follow the Thirteenth Court of Appeals decision. While that court acknowledges that in 2007 section 115.001 was amended by adding subsection (a-1), which provides that the list of

proceedings enumerated in the statute are not "exhaustive," the court does not acknowledge that subsection (a) was also amended to include suits by or against a trustee. *Id.* We find the addition of that language controlling in this case; therefore, we respectfully disagree with the court's conclusion that the suit must "concern a trust" in order for section 115.001 to apply.

Finally, the Dorfmans briefly contend that because the litigation originates from the 1929 deed that was declared void by the 1944 Judgment in Karnes County, the Karnes County court retained jurisdiction to enforce and interpret its judgments, orders, and decrees. *See* TEX. R. CIV. PROC. 308. Rule 308 provides in part that "[t]he court shall cause its judgments and decrees to be carried into execution." *Id.* However, this case involves numerous claims other than those relating to the enforcement of a prior judgment. The Dorfmans provide no argument establishing Karnes County as the mandatory venue site when the underlying suit involves many more claims than just claims that relate to enforcement of the 1944 judgment.

We conclude mandamus relief is appropriate in this case. Chapter 15 authorizes parties to seek mandamus relief to enforce its mandatory venue provisions. TEX. CIV. PRAC. REM. CODE ANN. § 15.0642. Although section 115.002 of the Texas Property Code is found outside Chapter 15 of the Civil Practice and Remedies Code, it is still a mandatory venue provision for which mandamus relief is available to enforce the provision. *In re Transcon. Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding) (holding that section 21.013 of the Texas Property Code is a mandatory venue statute and is enforceable by mandamus). "In seeking mandamus under section 15.0642, a party need not prove the lack of an adequate appellate remedy, but need only show that the trial court abused its discretion by failing to transfer the case." *In re Tex. Dep't of Transp.*, 218 S.W.3d at 76. Based on the foregoing, we conclude the trial court abused its discretion by failing to transfer the case to Tarrant County.

## CONCLUSION

Accordingly, we grant mandamus relief and order the trial court to transfer the suit to Tarrant County, Texas. The writ will issue only if we are notified the trial court has failed to comply within fourteen days of this court's opinion.

Catherine Stone, Chief Justice