**IN THE**
**TENTH COURT OF APPEALS**



_____

**No. 10-13-00402-CV**

**IN RE MAE DEAN WHEELER**
**INDIVIDUALLY AND AS SUCCESSOR TRUSTEE**
**OF THE WHEELER FAMILY TRUST**

_____

**Original Proceeding**

_____

# O P I N I O N

In this mandamus proceeding, we are asked to determine whether the respondent, Judge Robert Stem of the 82nd Judicial District Court, abused his discretion by failing to transfer venue to Harris County, Texas—the county where the underlying trust was administered. For the reasons stated herein, we conditionally grant relator's petition for writ of mandamus.

## I.    BACKGROUND

It is undisputed that real party in interest, Circle X Camp Cooley, Ltd. ("Circle X"), and relator, Mae Dean Wheeler, entered into a "Purchase and Sale Agreement,"

under which relator agreed to sell to Circle X certain property interests, including mineral interests, located in Robertson County, Texas. In June 2013, Circle X filed suit, seeking to enforce the "Purchase and Sale Agreement."[1] In its petition, Circle X asserted that relator refused to comply with the terms of the parties' agreement.

In response to the petition filed by Circle X, relator moved to transfer venue to Harris County, under section 115.002 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 115.002 (West Supp. 2013). Relator argued that venue is mandatory in Harris County because that is the county where the Wheeler Family Trust ("Trust") was administered during the four years preceding the filing of the lawsuit and because that is the county of residence for relator as Trustee.

Circle X filed a response to relator's motion to transfer venue, wherein Circle X asserted that venue is mandatory in Robertson County, pursuant to section 15.011 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2002). Specifically, Circle X contended that venue is mandatory in Robertson County because that is where the "subject/basis of this suit is located and situated . . . ." Circle X also argued that: (1) the basis of its suit does not concern a trust; (2) its cause of action against relator "is for specific performance related to Defendant's breach of the contract entered into between the parties"; and (3) its choice of venue should not be disturbed, even if venue is proper in more than one county.

---

[1] In its petition, Circle X sued: (1) Wheeler in both her individual capacity and her capacity as successor trustee of the Wheeler Family Trust; and (2) any other entities owning all or a portion of the affected properties. Moreover, exhibit "A," which is attached to Circle X's original petition, describes the property interests and references the most-recent transfer of the property interests to relator's husband, F.W. Bert Wheeler, as trustee.

On October 28, 2013, the trial court conducted a hearing on the venue issue. At the conclusion of the hearing, the trial court signed an order denying relator's motion to transfer venue. As a result, the case was ordered to remain in Robertson County.

Thereafter, on November 14, 2013, relator filed her petition for writ of mandamus in this Court, seeking review of the trial court's order denying her motion to transfer venue. We stayed the proceedings in the trial court and requested a response from real party in interest, which was filed on December 11, 2013.

## II.    STANDARD OF REVIEW

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error or law, or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether an appeal is an adequate remedy, we consider whether the benefits of mandamus review outweigh the detriments. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

## III.    VENUE

As noted above, relator contends that the trial court erred by failing to transfer venue from Robertson County to Harris County. Relator maintains that venue is

mandatory in Harris County based on the mandatory-venue provisions found in section 115.002 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 115.002.

## A. Applicable Law

Section 115.002 of the Texas Property Code provides that when "there is a single, non[-]corporate trustee," the venue of an action under section 115.001 of the Texas Property Code:

shall be brought in the county in which:

  (1) the trustee resides or has resided at any time during the four-year period preceding the date the action is filed; or

  (2) the situs of administration of the trust is maintained or has been maintained at any time during the four-year period preceding the date the action is filed.

*Id.* § 115.002(b). Section 115.001 lists the following actions that fall within the ambit of section 115.002:

  (a) Except as provided by Subsection (d) of this section, a district court has original and exclusive jurisdiction over *all proceedings by or against a trustee and all proceedings concerning trusts*, including proceedings to:

  (1)    construe a trust instrument;

  (2)    determine the law applicable to a trust instrument;

  (3)    appoint or remove a trustee;

  (4)    determine the powers, responsibilities, duties, and liability of a trustee;

  (5)    ascertain beneficiaries;

  (6)    make determinations of fact affecting the administration, distribution, or duration of a trust;

(7)     determine a question arising in the administration or distribution of a trust;

(8)     relieve a trustee from any or all of the duties, limitations, and restrictions otherwise existing under the terms of the trust instrument or of this subtitle;

(9)     require an accounting by a trustee, review trustee fees, and settle interim or final accounts; and

(10)    surcharge a trustee.

(a-1) The list of proceedings described by Subsection (a) over which a district court has exclusive and original jurisdiction is not exhaustive. A district court has exclusive and original jurisdiction over a proceeding by or against a trustee or a proceeding concerning a trust under Subsection (a) whether or not the proceeding is listed in Subsection (a).

*Id.* § 115.001(a)-(a-1) (West Supp. 2013) (emphasis added).

Circle X asserts that sections 115.001 and 115.002 of the Texas Property Code do not control venue in this case because the underlying dispute does not concern the trust itself or directly relate to the construction, administration, or interpretation of the trust. Relying heavily on the Thirteenth Court of Appeals' decision in *In re J.P. Morgan Chase Bank, N.A.*, 361 S.W.3d 703 (Tex. App.—Corpus Christi 2011, orig. proceeding), Circle X argues that section 115.001 and 115.002 of the Texas Property Code do not apply to an action for breach of contract or specific performance. Instead, Circle X contends that the provisions of section 15.011 of the Texas Civil Practice and Remedies Code control venue in this case.

**B.     Discussion**

Essentially, in this proceeding, we must determine whether section 15.011 of the Texas Civil Practice and Remedies Code or section 115.002 of the Texas Property Code

controls.  Because section 115.002 of the Texas Property Code originates from outside of chapter 15 of the Texas Civil Practices and Remedies Code, we look to section 15.016 of the Texas Civil Practice and Remedies Code, which provides that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute."  TEX CIV. PRAC. & REM. CODE ANN. § 15.016 (West 2002); *see In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d 610, 613 (Tex. App.—San Antonio 2012, orig. proceeding).  "[I]f an action is governed by a separate mandatory venue provision, then the action shall be brought in the county required by the separate venue provision."  *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding).

Section 115.002 of the Texas Property Code is a mandatory-venue provision.  *See* TEX. PROP. CODE ANN. § 115.002; *see also In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d at 613.  As such, section 15.016 of the Texas Civil Practice and Remedies Code requires that the mandatory-venue provisions in section 115.002 of the Texas Property Code prevail over section 15.011 of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.016; *see also In re Tex. Dep't of Transp.*, 218 S.W.3d at 76 (concluding that, based on section 15.016, the mandatory-venue provision in section 101.102(a) of the Texas Tort Claims Act prevails over the mandatory-venue provision in section 15.015 of the Texas Civil Practice and Remedies Code); *In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d at 613 (concluding that, based on section 15.016, the mandatory-venue provision in section 115.002 of the Texas Property Code prevails over the mandatory-venue provision of section 15.011 of the Texas Civil Practice and Remedies Code); *In re Adan Volpe Props.*, 306 S.W.3d 369, 375 (Tex. App.—Corpus Christi 2010,

orig. proceeding) (concluding that, based on section 15.016, the mandatory-venue provision in section 65.023 of the Texas Civil Practice and Remedies Code prevails over the mandatory-venue provision in section 15.017 of the Texas Civil Practice and Remedies Code); *In re Dole Food Co.*, 256 S.W.3d 851, 856 (Tex. App.—Beaumont 2008, orig. proceeding) (same). Therefore, based on the foregoing case law, we conclude that section 115.002 of the Texas Property Code prevails over section 15.011 of the Texas Civil Practice and Remedies Code; accordingly, we must now determine whether venue is proper in Harris County based on the provisions of sections 115.001 and 115.002 of the Texas Property Code.

In the instant case, there is no dispute that relator is a non-corporate trustee of the trust and that the trust was administered in Harris County in the four years preceding this suit. *See* TEX. PROP. CODE ANN. § 115.002. Instead, Circle X argues that the action does not fall within section 115.001 because the suit must "concern a trust" for section 115.001 to apply. *See, e.g., In re Stark*, 126 S.W.3d 635, 642 (Tex. App.— Beaumont 2003, orig. proceeding) (applying former section 115.001 and concluding that tort claims against a trustee do not involve section 115.001). Therefore, Circle X asserts that, because the suit does not involve section 115.001, the venue provisions of section 115.002 are inapplicable.

However, we disagree with Circle X's assertion. As noted by the Fourth Court of Appeals, section 115.001 was amended in 2007, to provide that a district court has original and exclusive jurisdiction over not only all proceedings concerning a trust, but also "all proceedings by or against a trustee." Act of May 24, 2005, 79th Leg., R.S., ch.

148, 2005 Tex. Gen. Laws 296 (amended 2007) (current version at TEX PROP. CODE ANN. § 115.001(a)); *see In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d at 613-14. The Texas Supreme Court has stated that a "question of statutory construction is a legal one," which is reviewed "de novo, 'ascertaining and giving effect to the Legislature's intent as expressed by the plain and common meaning of the statute's words.'" *MCI Sales & Serv. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010) (quoting *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007)). "We first look at the statute's language to determine that intent, as we consider it a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Id.* (internal citations omitted). "Thus, we consider the statute's plain and common meaning, and do not look to extraneous matters for an intent the statute does not state." *Id.* (internal citation omitted).

Like the Fourth Court of Appeals, after applying the plain language of the statute to the instant case, we conclude that section 115.002 applies because this is a proceeding against a trustee, in accordance with section 115.001. *See In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d at 614; *see also* TEX. PROP. CODE ANN. §§ 115.001-.002. The plain language of section 115.001 provides that it applies to *all* proceedings by or against a trustee. *See* TEX. PROP. CODE ANN. § 115.001(a). As such, we do not believe that a distinction for Circle X's claims against relator in this case is warranted.

That said, we recognize, but do not follow, the Thirteenth Court of Appeals' 2011 decision in *In re J.P. Morgan Chase Bank, N.A.*, 361 S.W.3d at 703. In that case, the Court analyzed the interplay between section 115.002 of the Texas Property Code and section

15.011 of the Texas Civil Practice and Remedies Code. *Id.* at 705-06. Ultimately, the Court concluded that section 115.001 of the Texas Property Code was inapplicable because the suit did not involve an action relating to the trust itself or the operation of a trust. *Id.* at 706-07. However, while noting that section 115.001 of the Texas Property Code was amended in 2007 by adding subsection (a-1), the Thirteenth Court of Appeals did not acknowledge that subsection (a) was also amended to include all proceedings by or against a trustee. *See id.* at 706-07. Thus, like the Fourth Court of Appeals, we find the amended language of subsection (a) to be controlling in this case. *See In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d at 614. As such, we respectfully disagree with the Thirteenth Court of Appeals' conclusion that a suit must "concern a trust" for section 115.001 to apply.[2]

Based on the foregoing, we conclude that the trial court abused its discretion in this case by failing to transfer venue to Harris County. Under section 15.0642 of the Texas Civil Practice and Remedies Code, a party may file a petition for writ of mandamus to enforce a mandatory-venue provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002); *see also In re J.P. Morgan Chase Bank, N.A.*, 361 S.W.3d at 704. Section 115.002 of the Texas Property Code is a mandatory-venue statute; thus, it is enforceable by mandamus. *See* TEX. PROP. CODE ANN. § 115.002; TEX. CIV. PRAC. & REM.

---

[2] We also note that all of the authority relied upon by the Thirteenth Court of Appeals either predates the 2007 amendments of Texas Property Code section 115.001 or does not recognize the 2007 amendments at all. *See In re Guardianship of Gibbs*, 253 S.W.3d 866, 872 (Tex. App.—Fort Worth 2008, pet. dism'd) (op. on reh'g); *Mobil Oil Corp. v. Shores*, 128 S.W.3d 718, 724-25 (Tex. App.—Fort Worth 2004, no pet.); *In re Stark*, 126 S.W.3d 635, 639 (Tex. App.—Beaumont 2004, orig. proceeding); *see also Retzlaff v. Deshay*, No. 14-03-00833-CV, 2004 Tex. App. LEXIS 8581, at **13-15 (Tex. App.—Houston [14th Dist.] Sept. 28, 2004, no pet.) (mem. op.).

CODE ANN. §§ 15.016, 15.0642; *see also In re Transcon. Realty Investors*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); *In re Tex. Dep't of Transp.*, 218 S.W.3d at 76; *In re J.P. Morgan Chase Bank, N.A.*, 361 S.W.3d at 705. Furthermore, "[i]n the case of mandatory venue, relators are not required to show that appeal is an inadequate remedy." *In re J.P. Morgan Chase Bank, N.A.*, 361 S.W.3d at 705 (citing *In re Transcon. Realty Investors*, 271 S.W.3d at 271). Accordingly, we conclude that mandamus relief is appropriate in this case.

## IV.    CONCLUSION

We conditionally grant relator's petition for writ of mandamus and direct the trial court to transfer venue to Harris County within fourteen days from the date of this opinion. The writ will issue only if the trial court fails to comply.



AL SCOGGINS
Justice


Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Conditionally Granted
Opinion delivered and filed January 30, 2014
[OT06]