

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE: JOHN HENRY GREEN, JR., Indiv. and as Trustee of the Testamentary trust formed for the benefit of WILLIAM CASEY ELLISON and GAYLA JAN TIBBITTS; as former controlling stockholder of NATIONAL FOUNDRY & MANUFACTURING COMPANY and as principal shareholder and President of PATRIOT STEEL FABRICATION, INC. | § § § § § § § | No. 08-16-00233-CV<br><br>AN ORIGINAL PROCEEDING<br><br>IN MANDAMUS |

## **O P I N I O N**

John Henry Green, Jr. has filed a petition for writ of mandamus against the Honorable Martin Muncy, Judge of the 109th District Court of Crane County, Texas, asking the Court to order Respondent to vacate an order denying Relator's motion to transfer venue to Ector County, Texas. We conditionally grant mandamus relief.

### **FACTUAL SUMMARY**

John Henry Green, Sr., Edelmira M. Green, and John Henry Green, Jr. formed National Foundry & Manufacturing Company, a manufacturing business, in Crane County, Texas on July 8, 1975. The business was successful and its stock consisted of 33,000 shares authorized, delivered, and divided equally between John Henry Green, Sr. (11,000 shares), his wife Edelmira M. Green (11,000 shares), and son John Henry Green, Jr. (11,000 shares). John Henry Green,

Sr. died on January 26, 2005, and his will bequeathed his 11,000 shares of stock in National Foundry as follows: 1,000 shares to his son, John Henry Green, Jr.; 5,000 shares to his grandson, William Casey Ellison; and 5,000 shares to his granddaughter, Gayla Jan Tibbits.[1] The shares of stock conveyed to Ellison and Tibbitts were placed in a ten (10) year trust to be administered by John Henry Green, Jr. as the trustee. On February 29, 2016, the Real Parties in Interest, William Casey Ellison, Gayla Jan Tibbits, and Edelmira M. Green, filed suit against Green in the 109th District Court of Crane County, Texas, alleging claims for breach of fiduciary duty, fraud, conspiracy, mismanagement and misappropriation of corporate funds, and usurpation and appropriation of corporate opportunities.[2] The suit was filed against Green individually and as trustee of the testamentary trust formed for the benefit of Ellison and Tibbits, and in his capacity as former controlling stockholder of National Foundry, and as principal shareholder and president of Patriot Steel Fabrication. Green answered and filed a motion to transfer venue based on the mandatory venue provision found in Section 115.002(b)(2) of the Texas Property Code. Green submitted his own affidavit and documentary evidence in support of his motion to transfer venue to Ector County, Texas. In his affidavit, Green averred that he had never managed the testamentary trusts from an office located in Crane County, and he presented evidence showing that he had administered the trust from his business office located at 418 N. Texas Avenue, Odessa, Texas. The address on the checking accounts for the Gayla Tibbits testamentary trust and the William Casey Ellison testamentary trust is 418 N. Texas Avenue, Odessa, Texas. Green also received correspondence at this same address in his capacity

---

[1] Stock in National Foundry is currently owned as follows: John Henry Green, Jr. (12,000 shares); Edelmira M. Green (11,000 shares); William Casey Ellison (5,000 shares); and Gayla Jan Tibbitts (5,000 shares).

[2] The case is styled *William Casey Ellison, Gayla Jan Tibbitts, and Edelmira M. Green v. John Henry Green, Jr., individually and as Trustee of the Testamentary trust formed for the benefit of William Casey Ellison and Gayla Jan Tibbitts, as former controlling stockholder of National Foundry & Manufacturing Company and as principal shareholder and President of Patriot Steel Fabrication, Inc.* (cause number 6442).

as trustee of the Tibbits and Ellison testamentary trusts.

The Real Parties in Interest took the position in the trial court that venue was proper in Crane County because the situs of the administration of the trust is in Crane County. In support of their argument that the situs of administration was in Crane County, the Real Parties in Interest pointed to documentary evidence establishing that the will establishing the trust was probated in Crane County, and the business, National Foundry, is located in Crane County. Tibbitts provided an affidavit stating that: (1) National Foundry was formed in 1975 in Crane County where it has operated continuously; (2) National Foundry's principal place of business and mailing address is 299 Foundry Road, P.O. Box 1146, Crane, Texas, 79731; (3) Green was the President of National Foundry for the eleven-year period which forms the basis of the suit; (4) Green was and is the registered agent for National Foundry with the Texas Comptroller of Public Accounts, and his address for service for claims involving National Foundry is 299 Foundry Road in Crane County, Texas; (5) Green filed National Foundry's tax returns for years and swore that Crane County was the corporation's principal office and principal place of business; and (6) Green was named as Trustee for William Casey Ellison and Gayla Jan Tibbitts pursuant to a will probated in Crane County on January 28, 2005. The trial court denied the motion to transfer venue to Ector County and awarded attorney's fees to the Real Parties in Interest in the amount of $2,500.

## MANDAMUS STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Kent Motor Company*, 361 S.W.3d 628, 630 (Tex. 2012); *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court

abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Mid-Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.--Houston [1st Dist.] 2012, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Consequently, an abuse of discretion occurs if a trial court clearly fails to correctly analyze or apply the law. *In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010).

Under Section 15.0642 of the Texas Civil Practice and Remedies Code, a party may file a petition for writ of mandamus to enforce a mandatory-venue provision. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 15.0642 (West 2002); *In re Wheeler*, 441 S.W.3d 430, 435-36 (Tex.App.--Waco 2014, orig proceeding). Because Section 115.002 of the Texas Property Code is a mandatory-venue statute, it is enforceable by mandamus, and Green is not required to show that appeal is an inadequate remedy. *See In re Transcontinental Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008)(orig. proceeding); *In re Wheeler*, 441 S.W.3d at 435-36.

## MANDATORY VENUE -- SECTION 115.002(B)

In Issue One, Green contends that the trial court clearly abused its discretion by denying his motion to transfer venue. Under Section 115.001 of the Texas Property Code, a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts. TEX.PROP.CODE ANN. § 115.001 (West 2014). The venue of an action under Section 115.001 is determined according to Section 115.002. TEX.PROP.CODE ANN. § 115.002(a)(West 2014). Section 115.002 is a mandatory venue provision. *In re Wheeler*, 441 S.W.3d at 434; *see In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d 610, 613 (Tex.App.--San Antonio 2012, orig. proceeding).

Green relies on Section 115.002(b)(2) which provides as follows:

(b) If there is a single, noncorporate trustee, an action shall be brought in the county in which:

.        .        .

(2) the situs of administration of the trust is maintained or has been maintained at any time during the four-year period preceding the date the action is filed.

TEX.PROP.CODE ANN. § 115.002(b).

The Property Code defines "situs of administration" as meaning the location where the trustee maintains the office that is primarily responsible for dealing with the settlor and beneficiaries of the trust. TEX.PROP.CODE ANN. § 115.002(f)(3)(West 2014). Under this definition, the evidence that the will was probated in Crane County is irrelevant. Likewise, the evidence relied on by the Real Parties in Interest showing that National Foundry is located in Crane County does not support the trial court's denial of the motion to transfer venue because there is no evidence that Green dealt with the trust beneficiaries primarily at this location. As president of National Foundry, Green dealt with the company business at this location, but it is speculative to assume that he also dealt with the trust beneficiaries from this office. This is especially true since Green presented evidence showing that he dealt with the trust beneficiaries primarily from his business office in Odessa. Based on the evidence presented, Green showed that venue is proper in Ector County. The trial court clearly abused its discretion by denying Green's motion to transfer venue to Ector County. Issue One is sustained.

**AWARD OF ATTORNEY'S FEES**

In Issue Two, Green challenges the trial court's award of attorney's fees of $2,500 to the Real Parties in Interest. The trial court's order does not reflect the basis for the award of attorney's fees, but the Real Parties in Interest, in their response to Green's motion to transfer

venue, specifically sought attorney's fees as a sanction under Section 10.002(c) of the Texas Civil Practice and Remedies Code.

Section 10.001 provides:

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX.CIV.PRAC.&REM.CODE ANN. § 10.001 (West 2002).

Section 10.002 permits a party to file a motion for sanctions describing the specific conduct violating Section 10.001. TEX.CIV.PRAC.&REM.CODE ANN. § 10.002(a). The trial court may award to a party prevailing on a motion under Section 10.002 the reasonable expenses and attorney's fees incurred in presenting or opposing the motion, and if no due diligence is shown the court may award to the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation. TEX.CIV.PRAC.&REM.CODE ANN. § 10.002(c).

Green's motion to transfer is not frivolous and there is no evidence in the record that the motion was presented for an improper purpose. Consequently, we find that the trial court abused

its discretion by awarding attorney's fees to the Real Parties in Interest. Issue Two is sustained.

Having sustained both issues, we conditionally grant mandamus relief. The trial court is directed to withdraw the order denying the motion to transfer venue and awarding attorney's fees to the Real Parties in Interest, and it is further directed to enter an order granting Green's motion and transferring venue of the case to Ector County. The writ will issue only in the event the trial court fails to comply within a reasonable period of time.

December 2, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.