COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

IN RE:  WHC, LLC D/B/A WOODSON         No. 08-18-00088-CV

HUGHES & CRAIN, INC., A/K/A      §

WHC ENERGY SERVICES,           AN ORIGINAL PROCEEDING

§

           Relator.           IN MANDAMUS

§

## **O P I N I O N**

Relator, WHC, LLC d/b/a Woodson, Hughes & Crain, Inc. a/k/a WHC Energy Services filed a mandamus petition against the Honorable Sergio Enriquez, Judge of the 448th District Court of El Paso County, Texas.  WHC is challenging Respondent's order entered on May 2, 2018 requiring WHC to disclose documents which it asserts are protected by the attorney-client privilege.  We conditionally grant mandamus relief.

## **FACTUAL SUMMARY**

According to the pleadings filed in the case, Sanchez sustained an injury to his shoulder and back on April 14, 2016 during the course of his employment with WHC.  WHC terminated his employment on April 25, 2016, and Sanchez subsequently filed a worker's compensation claim.  Sanchez appealed the decision of the Worker's Compensation Appeals Panel and the case is currently pending in the 205th District Court of El Paso County (cause number 2017DCV0936, styled *Omar Sanchez v. Zurich American Insurance Company*).  Sanchez also filed a wrongful termination suit against WHC alleging it terminated him because he expressed intent to file a

worker's compensation claim. The wrongful termination case is styled *Omar Sanchez v. WHC, LLC d/b/a Woodson, Hughes, & Crain, Inc., a/k/a WHC Energy Services* (cause number 2016DCV1873).

Sanchez's requests for written discovery included Request for Production No. 38 which sought:

> All correspondence from your insurance carrier regarding [Sanchez], including status letters on claim, loss reports, correspondence regarding hearings with Workers' Compensation Board.

WHC produced 328 pages of non-privileged documents responsive to this discovery request. Sanchez filed a motion to compel with regard to certain interrogatories and requests for production, including Request for Production No. 38. The parties reached an agreement with regard to certain aspects of the motion to compel, and Sanchez filed another motion to compel to address the disputes which were not resolved. The trial court, following a hearing, entered an order addressing the motion. Sanchez did not present any argument related to Request for Production No. 38 at the hearing and the trial court's order did not address it.

WHC's authorized representative, Terry Brockway, made the decision to terminate Sanchez. Following the deposition of Brockway and Sanchez, Sanchez's attorney notified WHC that its response to Request for Production No. 38 was inadequate. The parties could not reach an agreement and the trial court conducted a hearing on February 26, 2018 to address the dispute. Sanchez's attorney argued at the hearing that they needed discovery of all correspondence from WHC's insurance carrier related to the worker's comp claim because one issue in the case is why WHC did not report the injury to the insurance carrier until several weeks later. WHC's attorney explained that Brockway had testified that a report was not immediately submitted because the doctor who evaluated Sanchez cleared him to return to work the same day. Additionally, WHC

did not have any information that Sanchez had suffered an injury serious enough to warrant a report. In response, Sanchez's attorney asserted that they needed to discover when WHC first reported the worker's comp claim to the insurance carrier. The trial court indicated that it would require WHC to provide that information. The trial court also indicated that it would require WHC to produce any documents from Brockway to WHC's insurance carrier. Despite expressing intent to limit discovery, the trial court's order broadly granted the motion to compel the documents as originally requested by Sanchez.

WHC filed a motion to clarify and asserted that Request for Production No. 38 sought production of documents protected by privilege. At the hearing on the motion to clarify, WHC offered to submit any privileged documents for *in camera* inspection and the trial court indicated its agreement.[1] WHC later submitted fifty-one pages of documents to the trial court. Followings its review, the trial court determined that the documents were not protected by the attorney-client or work product privileges and should be disclosed to Sanchez. WHC filed its mandamus petition to challenge the trial court's order. We granted WHC's motion to stay the May 2 discovery order pending resolution of the mandamus proceeding.

## DOCUMENTS PRIVILEGED FROM DISCOVERY

In two issues, WHC contends that the trial court clearly abused its discretion by concluding that the withheld documents are not privileged and ordering WHC to disclose the documents to Sanchez.

### *Standard of Review*

To be entitled to mandamus relief, a relator must generally meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance*

---

[1] Sanchez's counsel did not object and affirmatively indicated his agreement.

*Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Green*, 527 S.W.3d 277, 278-80 (Tex.App.--El Paso, orig. proceeding); *In re Mid-Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.--Houston [1st Dist.] 2012, orig. proceeding). Second, the relator must establish it does not have an adequate remedy by appeal. *In re Prudential*, 148 S.W.3d at 135-36. Mandamus relief is available when the trial court erroneously orders the disclosure of privileged information because appeal does not provide an adequate remedy. *See In re Christus Santa Rosa Health System*, 492 S.W.3d 276, 279 (Tex. 2016); *In re E.I. DuPont de Nemours & Company*, 136 S.W.3d 218, 223 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992)(orig. proceeding).

### *Attorney-Client Privilege and Work Product Doctrine*

The attorney-client privilege protects communications between attorney and client that are (1) not intended to be disclosed to third parties and (2) made for the purpose of facilitating the rendition of professional legal services. *In re National Lloyds Insurance Company*, 532 S.W.3d 794, 803 (Tex. 2017). The privilege promotes free discourse between attorney and client, thereby advancing the effective administration of justice. *Id.* Under Rule 503(b)(1), a client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client. TEX.R.EVID. 503(b)(1); *see In re DISH Network, LLC*, 528 S.W.3d 177, 181 (Tex.App.--El Paso 2017, orig. proceeding). The attorney-client privilege protects these confidential communications between a client or the client's representative and the lawyer. TEX.R.EVID. 503(b)(1)(A); *see In re DISH Network*, 528 S.W.3d at 181. This privilege protects not only the communications between the lawyer and client, but also communications between their representatives. TEX.R.EVID. 503(b); *In re DISH Network*,

528 S.W.3d at 181; *In re Fairway Methanol LLC*, 515 S.W.3d 480, 487-88 (Tex.App.--Houston [14th Dist.] 2017, orig. proceeding). Rule 503's definition of "client's representative" includes any person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client. TEX.R.EVID. 503(a)(2)(B).

The work product privilege is broader than the attorney-client privilege. *In re National Lloyds Insurance Company*, 532 S.W.3d at 803. Rule 192.5 protects an attorney's work product from discovery. *See* TEX.R.CIV.P. 192.5(b); *see In re DISH Network*, 528 S.W.3d at 181. The protection extends to materials developed and communications made in anticipation of litigation or for trial for or by a party or its representatives, including the party's attorneys, employees, and agents. *See* TEX.R.CIV.P. 192.5(a); *In re DISH Network*, 528 S.W.3d at 181.

The party resisting discovery bears the burden of pleading and proving an applicable privilege. *In re Christus*, 492 S.W.3d at 279; *In re E.I. DuPont de Nemours & Company*, 136 S.W.3d at 223, 225. The party asserting a privilege must establish by testimony or affidavit a *prima facie* case for the privilege. *In re Christus*, 492 S.W.3d at 279-80; *In re Memorial Hermann Hospital System*, 464 S.W.3d 686, 698 (Tex. 2015). If the party asserting the privilege establishes a *prima facie* case for the privilege and "tenders documents to the trial court, the trial court must conduct an *in camera* inspection of those documents before deciding to compel production." *In re Christus*, 492 S.W.3d at 279, *quoting In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 223. If the party carries its burden of establishing a *prima facie* case that the documents are privileged, the burden shifts to the party seeking production to prove that an exception to the privilege applies. *In re Christus*, 492 S.W.3d at 279-80.

Sanchez first responds that WHC did not specifically plead the privileges it claims are

applicable to the *in camera* documents. WHC asserted in its motion to clarify or reconsider that both the attorney-client and work product privileges protected the withheld documents from disclosure. Thus, WHC asserted the claim of privilege in accordance with Rule 193.3. *See* TEX.R.CIV.P. 193.3(a); *In re Park Cities Bank*, 409 S.W.3d 859, 870 (Tex.App.--Tyler 2013, orig. proceeding); *see also* TEX.R.CIV.P. 193.2(f)(a party should not object to a written request for discovery on the grounds that it calls for production of privileged materials or information but should instead comply with Rule 193.3).

Sanchez additionally argues that WHC failed to carry its burden of making a *prima facie* showing that the documents are privileged because it did not support its claim of privilege by offering an affidavit or testimony at the hearing. Counsel for WHC represented at the hearing that WHC would produce unprivileged documents in response to Request for Production No. 38 and she would tender those documents believed to be privileged to the court for *in camera* review. Consistent with this representation, WHC subsequently submitted the withheld documents to the trial court for *in camera* review and the trial court reviewed the documents. The Supreme Court has long recognized that the documents themselves may constitute sufficient evidence to make a *prima facie* showing of attorney-client or work product privilege. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 223; *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986). We have reviewed the *in camera* documents and find that WHC met its burden of making a *prima facie* showing of both attorney-client and work-product privilege.

The trial court stated at the hearing that it was ordering WHC to disclose the documents because they did not contain anything detrimental to WHC. Whether the documents are prejudicial or harmful to WHC is not part of the inquiry when evaluating whether the communications are privileged and shielded from disclosure. The documents at issue are confidential communications

between WHC, its attorneys, and its agents regarding Sanchez's worker's compensation claim and his appeal from a decision of the Worker's Compensation Appeals Panel currently pending in the 205th District Court of El Paso County (cause number 2017DCV0936, styled *Omar Sanchez v. Zurich American Insurance Company*). In these communications, WHC's attorneys are providing status reports about the progress of the case and presenting their evaluation and analysis of the pending litigation. The documents include counsel's mental impressions, legal opinions, and strategy with regard to Sanchez's pending claim against WHC. It can be readily determined from the documents themselves that the attorney-client and work product privileges are applicable and protect the documents from compelled disclosure.

Sanchez contends that the attorneys representing WHC in this wrongful termination litigation do not have the right to assert the attorney-client privilege with respect to these documents because a different law firm is representing WHC in the worker's compensation case. This argument incorrectly assumes that the privilege belongs to the attorney. It is well settled that the attorney-client privilege is personal to the client and must be invoked on the client's behalf. *See* TEX.R.EVID. 503(b)(1)("A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client."); *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 49 (Tex. 2012); *West v. Solito*, 563 S.W.2d 240, 244 n.2 (Tex. 1978). WHC has the right to withhold these communications from disclosure and assert its claim that the documents are protected by the attorney-client and work product privileges.

Finding that the trial court erroneously ordered WHC to produce these communications, we sustain Issues One and Two and conditionally grant the petition for writ of mandamus. The trial court is directed to set aside its May 2, 2018 discovery order. The writ of mandamus will

issue only if the trial court fails to comply.

December 14, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.